***********
The undersigned have reviewed the prior Decision and Order based upon the evidence of record. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. In 2000, plaintiff was incarcerated at Pamlico Correctional Institution ("Pamlico") and Albemarle Correctional Institution ("Albemarle").
2. On or about May 15, 2000, plaintiff filed a tort claim with the Industrial Commission alleging that he was denied medical treatment. Plaintiff claimed he was denied prescribed medications. Plaintiff claims he has a prescription for orthopedic shoes that have not been provided to him.
3. Plaintiff has a history of back problems that stem from a work-related injury that occurred prior to his incarceration.
4. On or about February 13, 2000, plaintiff was given pain medications as well as an analgesic balm and warm compresses for his back.
5. On or about February 15, 2000, plaintiff was issued a cane at Pamlico.
6. On or about March 12, 2000, plaintiff was given a medical release to return back to work, with the limitation that he not lift anything greater than five pounds.
7. Plaintiff has not undergone back surgery since his incarceration with the defendant. There is no evidence in the medical records that surgery has ever been recommended. On or about June 9, 2000, plaintiff received an epidural steroid injection to his lower back as an outpatient.
8. On or about July 7, 2000, Dr. Conway ordered that plaintiff could obtain converse shoes from the canteen.
9. On or about October 29, 2000, plaintiff was issued special shoes with two pairs of socks.
10. There was no medical evidence to support a need for plaintiff having a wheel chair. Plaintiff has been issued a rib belt and back brace. Plaintiff has also been observed lifting weights, and playing basketball and baseball.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following
 CONCLUSIONS OF LAW
1. Plaintiff filed his action pursuant to the Tort Claims Act, N.C. Gen. Stat. § 143-291 et seq. (1993). This Act allows persons to sue state departments or agencies for injuries caused by negligence of state employees.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Pursuant to N.C. Gen. Stat. § 143-291, plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. To establish actionable negligence, plaintiff must show that: "(1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury."Bolkir, 321 N.C. at 709, 365 S.E.2d at 900.
4. Plaintiff has not proven that negligence of any officers, agents or employees of defendant proximately caused him damages. Plaintiff has not proven that any officers, agents or employees of defendant acted in a negligent manner. Plaintiff has not proven that any officers, agents or employees of defendant breached a duty of care to the plaintiff. Plaintiff has not proven that he sustained any compensable damages.Bolkir, 321 N.C. at 709, 365 S.E.2d at 900, N.C. Gen. Stat. § 143-291.
 ***********
Based upon the competent evidence adduced at hearing, the undersigned makes the following
 ORDER
1. Under the law, plaintiff's claim must be, and hereby is, DENIED.
2. Each side shall pay its own costs.
This the 19th day of March 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN