Cagle v. Robert Hall Clothes and Beaty v. Robert Hall Clothes

REECE W. CAGLE, by His Next Friend, Judy H. Beaty, v. ROBERT HALL CLOTHES and JUDY H. BEATY v. ROBERT HALL CLOTHES

No. 7027SC335

(Filed 5 August 1970)

1. Negligence §§ 5.1, 57— business places — injury to 5-year-old child — directed verdict

Plaintiff's evidence that she and her five-year-old son were shopping in defendant's clothing store and that the son was injured when he fell through the plate glass entrance door, *held* insufficient to withstand defendant's motion for a directed verdict.

2. Negligence § 5.1— business places — liability of proprietor to customer

The proprietor of a store is not an insurer of the safety of his customers, and no inference of negligence on his part arises from the mere fact of a customer's injury on his premises.

3. Negligence § 5.1— liability of store proprietor — actionable negligence

Any liability on the part of a store proprietor for injuries suffered by his customers attaches only for such injuries as result from his actionable negligence.

APPEAL by plaintiffs from *Martin (Robert M.), S.J.,* 18 February 1970 Session, GASTON Superior Court.

These cases were consolidated for trial. In the first case Reece W. Cagle, (the minor plaintiff) sought to recover damages for personal injuries caused by the alleged negligence of the corporate defendant, Robert Hall Clothes. In the second case, Judy H. Beaty, mother of the minor, seeks to recover damages for hospital expenses and for loss of the child's services and income during his minority as a result of his permanent disability.

At the conclusion of the plaintiffs' evidence, the defendant's motion for a directed verdict, pursuant to Rule 50 of the Rules of Civil Procdure, was allowed. Plaintiffs appealed.

*Joseph B. Roberts III, for plaintiff appellants.*

*Mullen, Holland and Harrell by James Mullen for defendant appellee.*

VAUGHN, J.

[1] The sole question presented by this appeal is whether plaintiffs' evidence was sufficient to withstand defendant's

motion for a directed verdict. Plaintiff's evidence is to be taken as true and considered in the light most favorable to him, giving him the benefit of every fact and inference pertaining to the issues which may be reasonably deduced from the evidence. *Magnolia Apartments, Inc. v. P. Huber Hanes,* 8 N.C. 394, 174 S.E. 2d 828.

Plaintiffs alleged, in pertinent part, that on 2 August 1968, Judy H. Beaty and her son, Reece Walter Cagle, and other relatives went to the defendant's store located on Wilkinson Boulevard, Mecklenburg County, North Carolina, and that while Judy H. Beaty shopped and purchased merchandise, Reece Walter Cagle, age five years, entertained himself. The child then sought his mother's permission to leave the store and return to their automobile which was parked in a lot nearby. The mother agreed and the child proceeded to the door of the store. He was unable to open the door and related his difficulties to an employee of defendant. When the child again tried to open the door an unanchored rug located next to the door suddenly slipped and caused the child to fall through the door, severely cutting his right leg. The plaintiffs further alleged: that the defendant failed to keep its premises in a safe condition; that it failed to use due care owed to patrons and particularly this minor invitee in failing to warn of a dangerous condition; that it negligently installed and maintained glass of insufficient strength in the door; that it failed to exercise due care in the failure of defendant's employees to assist the minor in leaving the building; and that it allowed and permitted an unanchored rug to be placed in close proximity to the door creating a hazard.

In the light most favorable to the plaintiffs the evidence tended to show that Judy H. Beaty and a saleslady of the defendant were standing at a rack of clothes near the double doors that provided the only entrance and exit for the store. The minor sought permission from his mother to go to their automobile. Consent was granted and initial efforts to open the door were in vain whereupon the minor returned to his mother and stated, "Mommy, I can't get out," and his mother responded, "Well, son, push on the door." The child returned to the door and moments later a crash was heard, the glass of the door was broken and the minor was lying injured on the outside of the door. There were no eyewitnesses to the accident. Judy H. Beaty testified that the door was constructed of aluminum and plate glass "similar to those you see in supermarkets and like the doors

in the courthouse." There was no evidence with respect to a rug. Defendant sold children's clothing and other items ordinarily purchased by and for children.

[2, 3] It is well established that the proprietor of a store is not an insurer of the safety of his customers and that no inference of negligence on his part arises from the mere fact of a customer's injury on his premises, the doctrine of *res ipsa loquitur* not being applicable. *Routh v. Hudson-Belk Co.*, 263 N.C. 112, 139 S.E. 2d 1; *Gaskill v. A & P Tea Co.*, 6 N.C. App. 690, 171 S.E. 2d 95. Any liability on the part of the proprietor for injuries suffered by his customers attaches only for such injuries as result from his actionable negligence. *Pratt v. Tea Co.*, 218 N.C. 732, 12 S.E. 2d 242.

When plaintiffs' evidence is considered in the light of the applicable well-established principles, we are of the opinion that the trial court properly entered directed verdicts for defendant. There was no evidence tending to show that defendant failed to do anything which a storekeeper of ordinary care and prudence would have done under the same circumstances. Plaintiffs alleged but failed to offer evidence tending to show a defect in the premises which proximately resulted in the injury. Plaintiffs alleged but failed to offer evidence tending to show a breach of duty on the part of defendant's employees.

The judgments appealed from are

Affirmed.

CAMPBELL and BRITT, JJ., concur.