ABDULATI BOLKHIR, GAL, OF AHMED BOLKHIR, MINOR v. NORTH
CAROLINA STATE UNIVERSITY

No. 8610IC1212

(Filed 5 May 1987)

**Landlord and Tenant § 8.5; Negligence § 57.1— repair of screen panel in door—
substitution of glass—child injured—landlord not negligent**

 The Industrial Commission's ultimate finding and conclusion that the
State was negligent in maintaining leased premises was not supported by its
findings where plaintiff and his family were residents of an apartment owned
by defendant; the single entrance to the apartment had a storm door with a
lower aluminum panel, and a middle and upper panel which were glass or
screen, depending on the placement of the panels; defendant's employee put
the screen in the upper panel of the door and the glass in the middle to keep
the children from repeatedly pushing the screen out; plaintiff's three-year-old
son pushed against the glass panel in the middle of the door when the older
children locked him out; the panel shattered and the child fell through the
door, cutting both his wrists and his foot; the child had surgery twice to repair
lacerated tendons in his foot and retained a 10 percent partial disability of the
foot; there was no evidence that the switching of panels was negligently done;
no evidence that the glass panel was in any way defective; no finding that the
glass in the door was not tempered glass; and the Commission found that the
storm door was the common and usual type of storm door and that the only
type available for replacement was the type that was in plaintiff's apartment.

 APPEAL by defendant from an opinion and award of the
North Carolina Industrial Commission. Order entered 27 August
1986. Heard in the Court of Appeals 8 April 1987.

 On 10 August 1983, plaintiff, Abdulati Bolkhir, as guardian ad
litem for his minor son, Ahmed Bolkhir, filed a claim for damages
under the North Carolina Tort Claims Act, G.S. 143-291, *et seq.*
Plaintiff alleged that his minor son, Ahmed, was injured when a
glass pane in a storm door to an apartment leased to plaintiff by
defendant, shattered as he pushed against it.

 Following a hearing, the Commission made findings of fact,
which except where quoted are summarized as follows: Plaintiff
and his family, including his minor son Ahmed, were residents of
an apartment owned by defendant from March 1981 until Septem-
ber 1982. There were two doors at the single entrance to the
apartment. One door was solid wood and the other was a storm
door with an aluminum frame and three panels; the lower panel
was constructed of aluminum and was not movable and the mid-

dle and upper panels "could be either glass or a wire screen depending on the placement of the respective panels." On three or four occasions between 17 July 1981 and 1 June 1982 employees of defendant repaired the screen in the middle panel of the door of plaintiff's apartment. At some time between June 1982 and 28 August 1982, defendant's employee, Charles Wegman, "put the screen in the upper panel of the storm door and glass in the middle panel to keep the children from repeatedly pushing the screen out. The screen was repeatedly pushed out in plaintiff's apartment and the maintenance department considered it a problem to keep replacing it." On 28 August 1982, Ahmed Bolkhir, plaintiff's three-year-old son, and the two older children were playing outside plaintiff's apartment. The older children went inside and locked the door, leaving Ahmed outside. Finding that he could not get in the door, Ahmed "pushed against the glass panel in the middle of the door and it shattered." Ahmed fell through the door cutting both his wrists and his left foot. As a result of the accident, Ahmed had surgery twice to repair lacerated tendons in his foot. He retains a "10 percent permanent partial disability of the foot as a result of this injury."

Based on these findings, the Commission concluded that defendant's employee, Charles Wegman, had "negligently failed to exercise due care in repairing the storm door on the premises leased to plaintiff by the defendant, by creating an unsafe condition in switching the glass and screen panels in the storm door when he knew or in the exercise of reasonable care should have known that a glass panel in the middle of the door would be dangerous for the same small children that had been pushing out the previous screen panel." The Commission further concluded that as a proximate result of defendant's employee's negligence, that plaintiff and his wife had sustained damages in the amount of $4,741.38 for medical expenses and that Ahmed had sustained damages in the amount of $35,000.00 for "pain and suffering, scarring and permanent disability."

From an order awarding plaintiff and his wife $4,741.38 in damages and awarding Ahmed Bolkhir $35,000.00 in damages, defendant appealed.

*Michael E. Mauney for plaintiff, appellee.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Randy Meares, for the State.*

HEDRICK, Chief Judge.

The only question presented on this appeal is whether the uncontroverted findings support the ultimate finding and conclusion made by the Commission that defendant's employee was negligent in "creating an unsafe condition in switching the glass and screen panels in the storm door when he knew or in the exercise of reasonable care should have known that a glass panel in the middle of the door would be dangerous for the same small children that had been pushing out the previous screen panel."

A landlord owes the duty of ordinary care to the residents of the leased premises. G.S. 42-42; *Brooks v. Francis*, 57 N.C. App. 556, 291 S.E. 2d 889 (1982). One who owes the duty of ordinary care to another is not an insurer but is liable only for actionable negligence in maintaining the premises. *Cagle v. Robert Hall Clothes and Beaty v. Robert Hall Clothes*, 9 N.C. App. 243, 175 S.E. 2d 703 (1970).

We find the case now before us indistinguishable from *Cagle v. Robert Hall Clothes*, cited above, where the minor plaintiff was injured when he fell through the glass door of the defendant's store when he pushed on the glass in an effort to exit the premises. There, this Court held that the trial court had properly entered directed verdicts for the defendant, because there was no evidence that the defendant was negligent in maintaining the premises.

In the present case, it is clear that defendant was the landlord and plaintiff and his family were the residents of the leased premises. Thus, defendant in the present case would be liable for any injury to the residents of the leased premises proximately resulting from the landlord's negligence in maintaining the premises.

In the case before us there is no evidence that the "switching" of the panels in the storm door was negligently done. The conclusion drawn by the Commission is that the fact of the switching of the panels created an unsafe condition proximately

causing injury to Ahmed. There is no evidence or finding that the glass panel which "shattered" was in any way defective. While the Commission's findings refer to "tempered glass" in other doors in the apartment complex, there is no finding that the glass panel switched in the storm door in the present case was not tempered glass. Indeed the Commission found as a fact that:

> The storm door on plaintiff's apartment was the common and usual type of storm door that is available in this community. In the summer of 1982, only two apartments had similar storm doors with a large screen and glass panel. The other apartments had storm doors with large aluminum bottom panels. When those had to be replaced, the only type available were the type that was in the plaintiff's apartment.

We hold, therefore, that the mere "switching" of the panels in the door did not create an unsafe condition, and the findings made by the Commission do not support the ultimate finding and conclusion that defendant was negligent in maintaining the leased premises, and the opinion and award of the Industrial Commission must be reversed.

Reversed.

Judges EAGLES and PARKER concur.