ABDULATI BOLKHIR, GAL, OF AHMED BOLKHIR, MINOR v. NORTH CAROLINA STATE UNIVERSITY

No. 329PA87

(Filed 9 March 1988)

**1. Negligence § 57.1— repair of screen door—use of glass panel—injury to child**
   The Court of Appeals erred by reversing the Industrial Commission's award of damages to plaintiffs where defendant's employee replaced a screen panel in a storm door with a glass panel because children kept pushing out the screen panel. The Commission's findings established that defendant's employee had actual knowledge that plaintiff's children habitually opened the door in question by pushing forcefully on the middle panel, and it cannot be said as a matter of law that a reasonable person under these circumstances could not have foreseen that these children would continue to engage in their habitual behavior once the screen was replaced with glass.

2. **Parent and Child § 5.1— medical expenses of child—father as guardian ad litem—parents' claim for medical expenses waived in favor of child**

The Industrial Commission erred in an action under the State Tort Claims Act by awarding medical expenses to the parents of an injured child where the father had participated in the action as a guardian ad litem. By that participation, the father had waived his separate cause of action for his son's medical expenses in favor of the son.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a decision of the Court of Appeals reported at 85 N.C. App. 521, 355 S.E. 2d 786 (1987), which reversed a decision and order of the North Carolina Industrial Commission that awarded plaintiff's son damages under the Tort Claims Act. Heard in the Supreme Court 8 February 1988.

*Michael E. Mauney for plaintiff, appellant.*

*Lacy H. Thornburg, Attorney General, by Randy Meares, Assistant Attorney General, and Meg Scott Phipps, Associate Attorney General, for the State, appellee.*

WHICHARD, Justice.

Plaintiff's son, Ahmed Bolkhir, was injured when he pushed out a glass panel in a storm door while attempting to enter an apartment rented from defendant, an institution of the State of North Carolina. The Industrial Commission concluded that defendant's employee was negligent in creating an unsafe condition by switching the door's screen panel with its glass panel when he knew or should have known that children might push on the glass when opening the door. It thus awarded damages pursuant to the Tort Claims Act.

On appeal, the Court of Appeals concluded that there was no evidence of negligence. It accordingly reversed. *Bolkhir v. N.C. State Univ.*, 85 N.C. App. 521, 355 S.E. 2d 786 (1987). We now hold that it erred in doing so.

In August 1982, plaintiff and his family resided in an apartment in the married student housing complex operated by defendant, North Carolina State University. Plaintiff's apartment had one entrance which was equipped with an exterior storm door consisting of three horizontal panels. The immovable lower panel was constructed of aluminum. At the beginning of plaintiff's

tenancy, the door had a middle panel made of wire mesh screen and an upper panel made of glass. During the year and a half prior to the accident, plaintiff's children had frequently pushed on the screen when opening the door, and thus defendant's maintenance staff had to repair the screen three or four times. The maintenance staff considered these repeated repairs to be a problem, so one of defendant's employees switched the middle screen panel with the upper glass panel.

On 28 August 1982, three year old Ahmed was playing hide-and-seek with his four year old brother Wesam and a neighbor. Wesam and the neighbor entered plaintiff's apartment and locked Ahmed out. Ahmed knocked on the door and yelled for someone to open it. As his mother approached the door, she saw Ahmed "come through the glass." The glass panel shattered, and Ahmed fell through the door. As a result of the fall, Ahmed suffered cuts on both wrists and his left foot. After two operations, Ahmed's left foot has a ten percent permanent partial disability.

Plaintiff brought this action as guardian ad litem for his injured son. Since the defendant is a state institution, plaintiff brought the action before the Industrial Commission pursuant to the Tort Claims Act, N.C.G.S. § 143-291 *et seq.* The Commission concluded that defendant's employee negligently created an unsafe condition by switching the screen panel with the glass panel. The Commission further concluded that defendant's employee's actions were the proximate cause of Ahmed's injuries. After adding the parents as "necessary and proper" parties, the Commission awarded the parents $4,741.38 for Ahmed's medical expenses, and it awarded Ahmed $35,000.00 for pain and suffering, scarring, and permanent disability.

Defendant appealed to the Court of Appeals, which reversed the Commission's decision and order. The Court of Appeals held that "the mere 'switching' of the panels in the door did not create an unsafe condition, and the findings made by the Commission do not support the ultimate finding and conclusion that defendant was negligent in maintaining the leased premises." *Bolkhir v. N.C. State Univ.*, 85 N.C. App. 521, 524, 355 S.E. 2d 786, 787. We granted plaintiff's petition for discretionary review.

[1] A finding of fact by the Industrial Commission in a proceeding under the Tort Claims Act is binding if there is any com-

petent evidence to support it. *Barney v. Highway Comm.*, 282 N.C. 278, 283-84, 192 S.E. 2d 273, 277 (1972). Negligence is a mixed question of law and fact, and the reviewing court must determine whether the Commission's findings support its conclusions. *Id.*

To recover under the Tort Claims Act, plaintiff must show that the injuries sustained by his son were the proximate result of a negligent act of a state employee acting within the course and scope of his employment. N.C.G.S. § 143-291 (1979 & Supp. 1981); *Davis v. Highway Commission*, 271 N.C. 405, 408, 156 S.E. 2d 685, 687 (1967). The parties stipulated that the maintenance persons who repaired the door were state employees acting within the course and scope of their employment. Thus, the alleged negligence is the only disputed issue. Under the Act, negligence is determined by the same rules as those applicable to private parties. *MacFarlane v. Wildlife Resources Com.*, 244 N.C. 385, 387, 93 S.E. 2d 557, 559 (1956).

The essence of negligence is behavior creating an unreasonable danger to others. W. Prosser, *Handbook of the Law of Torts* § 31 (5th ed. 1984). To establish actionable negligence, plaintiff must show that: (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury. *Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 232, 311 S.E. 2d 559, 564 (1984).

With regard to the first element, a landlord has a duty to exercise due care in making repairs to leased premises.[1] *Livingston v. Investment Co.*, 219 N.C. 416, 422-23, 14 S.E. 2d 489, 492 (1941); *Carson v. Cloninger*, 23 N.C. App. 699, 701, 209 S.E. 2d 522, 524 (1974). The standard of due care is always the conduct of a reasonably prudent person under the circumstances. *Watson v. Stallings*, 270 N.C. 187, 193, 154 S.E. 2d 308, 312 (1967). Although the standard remains constant, the proper degree of care varies with the circumstances. *Id.*

---

1. Under N.C.G.S. § 42-42(a)(2), a landlord has a duty to "[m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." N.C.G.S. § 42-42(a)(2) (1984). The Commission cited this statute after its conclusion that defendant was negligent. This statute, however, does not alter the common law standard of ordinary and reasonable care. *Brooks v. Francis*, 57 N.C. App. 556, 559, 291 S.E. 2d 889, 891 (1982).

With regard to the second element, this Court has defined proximate cause as

a cause which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

*Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. at 233, 311 S.E. 2d at 565 (citations omitted). Foreseeability is thus a requisite of proximate cause. *Id.* To establish foreseeability, the plaintiff must prove that defendant, in the exercise of reasonable care, might have foreseen that its actions would cause some injury. *Id.* at 234, 311 S.E. 2d at 565. The defendant must exercise "reasonable prevision" in order to avoid liability. *Id.* The law does not require a defendant to anticipate events which are merely possible but only those which are reasonably foreseeable. *Id.*

Under the foregoing principles, as plaintiff's landlord, defendant had a duty to exercise due care in making repairs to the leased premises. The question thus becomes whether defendant, through its employees, acted as a reasonably prudent person would have under the circumstances. The pertinent circumstances, as found by the Commission based on competent evidence, were as follows:

The apartments in question were leased only to families with children. Plaintiff's children had repeatedly pushed out the screen in the middle panel of the door to his apartment. Defendant's employee replaced the screen in the middle panel with glass in an attempt to prevent further repetition of such acts.

The Commission made further "findings" as follows:

3. . . . It was foreseeable that many young children would be . . . in and out of the storm doors and around the middle panel of the storm door where they would look out and in and push against the door to open it if it did not fasten properly.

. . . .

5. Defendant-landlord in the exercise of reasonable care had a duty to recognize that children have less discretion than adults and may be unmindful of dangers that adults would recognize.

. . . .

12. Defendant's employee created an unsafe condition by switching the panels in the storm door. He knew or in the exercise of ordinary care should have known that a glass panel in the middle of the door would be unsafe for the same small children that had been pushing the screen panel out. Defendant's employees negligently created an unsafe condition, and such negligence was the proximate cause of plaintiff's minor child's injury.

The Commission concluded that "defendant's employee . . . negligently failed to exercise due care in repairing the storm door . . . in switching the glass and screen panels . . . when he knew or in the exercise of reasonable care should have known that a glass panel in the middle of the door would be dangerous for the same small children that had been pushing out the previous screen panel."

We hold that the Commission could find and conclude that the replacement of the screen panel with glass by defendant's employee was not reasonably prudent conduct under the circumstances presented. The findings establish that defendant's employee had actual knowledge that plaintiff's children habitually opened the door in question by pushing forcefully on the middle panel. We cannot say *as a matter of law* that a reasonable person under these circumstances could not have foreseen that these children would continue to engage in their habitual behavior once the screen was replaced with glass, and that a glass panel where the children customarily applied force would create a potentially dangerous situation for them. A person exercising "reasonable prevision" might well have foreseen that a child of tender years would not alter a long-standing habit merely because a screen panel was replaced with glass, and that force applied by the child to glass could shatter the glass and cause serious injury to the child.

The application of particular facts to the reasonableness standard is almost always a question of fact, not of law. *Hulcher Bros. v. N.C. Dept. of Transportation*, 76 N.C. App. 342, 343, 332 S.E. 2d 744, 745 (1985). "Only when the facts are such that reasonable minds can reach but one conclusion does the question become one of law." *Id.* (citing *Patton v. Southern Railway Co.*, 82 F. 979 (4th Cir. 1897) and *Brown v. Durham*, 141 N.C. 249, 53 S.E. 513 (1906)). On the facts here, reasonable minds could differ. The question of whether defendant, through its employee, acted as a reasonably prudent person would act under the circumstances thus was properly for the factfinder, and the Court of Appeals erred in reversing the factfinder's resolution of the question in favor of the plaintiff.

The Court of Appeals based its holding denying compensation on *Cagle v. Robert Hall Clothes* and *Beaty v. Robert Hall Clothes*, 9 N.C. App. 243, 175 S.E. 2d 703 (1970), which it found "indistinguishable" from the present case. *Bolkhir v. N.C. State Univ.*, 85 N.C. App. at 523, 355 S.E. 2d at 787. In *Cagle*, a five year old child was injured when he fell through a glass door while attempting to leave defendant's store. The court there upheld a directed verdict for defendant on the ground that there was no evidence that defendant failed to exercise due care. *Cagle*, 9 N.C. App. at 245, 175 S.E. 2d at 704. The crucial distinction between the present case and *Cagle* is that in *Cagle* there was no evidence of prior incidents of children pushing on the door with such force as to cause breakage. The evidence here, by contrast, fully supported the findings regarding such prior incidents, and the factfinder could conclude from this evidence that the incident in question, and the resulting injury, were foreseeable.

[2] Plaintiff also contends that the Commission erred by awarding the medical expenses to him and his wife rather than to his injured son. Plaintiff brought this action as guardian ad litem for his son. It was in that capacity that he sought recovery of his son's medical expenses. He did not request that these expenses be paid to himself or to himself and his wife. Nevertheless, acting on her own motion, the Deputy Commissioner added the parents as "necessary and proper" parties and awarded them $4,741.38 for the son's medical expenses. The full Commission adopted her order without modification. Since the Court of Appeals held that defendant was not negligent, it did not address this issue.

When an unemancipated minor is injured by the negligence of another, two claims may arise. The minor has a claim for his or her losses, and the parent has a claim for the loss of the child's services during minority and the medical expenses reasonably necessary for treatment of the minor's injuries. *Flippin v. Jarrell*, 301 N.C. 108, 120, 270 S.E. 2d 482, 490 (1980); *Shipp v. Stage Lines*, 192 N.C. 475, 479, 135 S.E. 339, 341 (1926). Thus, prior to commencing this action, plaintiff had a separate cause of action for his son's medical expenses. However, a father waives this right by participating as guardian ad litem in a trial in which the minor is awarded medical expenses. *See Doss v. Sewell*, 257 N.C. 404, 410, 125 S.E. 2d 899, 903 (1962); *Pascal v. Transit Co. and Lambert v. Transit Co.*, 229 N.C. 435, 441-42, 50 S.E. 2d 534, 538-39 (1948). By this waiver, the father treats the minor as emancipated for the purpose of recovering the medical expenses, and the minor may recover all the damages flowing from the injury. *Shields v. McKay*, 241 N.C. 37, 84 S.E. 2d 286 (1954).

Defendant does not respond to this contention, and "[i]t is immaterial to [it] whether the infant or the parent asserts the claim." *Doss v. Sewell*, 257 N.C. at 410, 125 S.E. 2d at 903. Pursuant to the foregoing authorities, we hold that the parents have waived their claim for medical expenses in favor of their son. Accordingly, the Commission erred by awarding the medical expenses to the parents. On remand the Commission is instructed to modify its order to award the $4,741.38 in medical expenses to plaintiff's injured son.

For the foregoing reasons, the decision of the Court of Appeals is reversed. The cause is remanded to that court for further remand to the Industrial Commission for reinstatement of its decision and order, subject to the modification set forth above.

Reversed and remanded.