***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Commissioner Ballance. The appealing party has not shown good grounds to reconsider the evidence or receive further evidence and having reviewed the competent evidence of record, the Full Commission hereby affirms the Order of Commissioner Ballance dated September 17, 2004.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties before the Commissioner as:
 FINDINGS OF FACT
1. All the parties are properly before the Industrial Commission, which has jurisdiction over the parties and these claims. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act.
2. Plaintiff is an inmate in the custody of defendant. In his Tort Claim Affidavit filed on March 11, 2004, plaintiff alleged that defendant was negligent in refusing him medical treatment for his back. On March 29, 2004, defendant filed a Motion to Dismiss or in the alternative, Motion for T201 Telephonic Hearing. By Order of the Commission filed on April 19, 2004, defendant's Motion for Telephonic Hearing was allowed and scheduled for June 9, 2004.
3. On June 18, 2004, the Industrial Commission granted plaintiff sixty days up to and including August 9, 2004, to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure by securing an affidavit from a medical expert who has reviewed plaintiff's claim and would be willing to testify that defendant breached the applicable standard of care. The Order also provided that should plaintiff fail to provide such letter or affidavit from a doctor or medical expert within the time permitted, plaintiff's civil action would be dismissed.
3. As of September 17, 2004, plaintiff had not provided such affidavit to the Industrial Commission.
4. On September 17, 2004, the Industrial Commission Commissioner issued an Order dismissing with prejudice plaintiff's claim and on November 1, 2004, plaintiff filed this appeal to the Full Commission.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the State Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. A plaintiff asserting a negligence claim against the State has the burden to prove that defendant breached a duty of care owed to plaintiff and that the breach was the proximate cause of plaintiff's alleged injury. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. N.C. Gen. Stat. § 143-291.
3. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure, "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 (1) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (2) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
Plaintiff has not provided an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure within the time permitted by the Order entered on June 18, 2004, and the claim for medical negligence does not meet any of the exceptions for an affidavit. Therefore, plaintiff's appeal to the Full Commission should be dismissed. N.C. Gen. Stat. § 1A-1, Rule 9(j).
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following
 ORDER
1. Plaintiff's claim for benefits under the North Carolina Tort Claims Act is denied.
2. Each party shall bear its own costs.
This the ___ day of June 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER