***********
The undersigned have reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Stanback. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order except for minor modifications.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the deputy commissioner, plaintiff was incarcerated by the State of North Carolina and was serving a life sentence for first degree rape.
2. While housed at Hyde Correctional Center, plaintiff owned several law books, a pair of dress boot shoes and a pair of gold-plated bifocal eyeglasses. The policy for the correctional center originally allowed for inmates to own four (4) pair of shoes, however, the policy was changed such that inmates would now only be able to have three (3) pair of shoes — inmate work boots, state-issued tennis shoes, and inmate shower shoes.
3. On or about July 23, 1999, a shakedown of the correctional facility was ordered, and all items considered to be contraband were confiscated from inmates' cells. Officers searching the plaintiff's cell removed his dress boot shoes, as they were no longer allowed. Plaintiff had been given until July 1, 1999 to send home his dress shoes; however, no proper address had been provided as to where to send the items. Therefore, during the shakedown, the boots were confiscated and destroyed. The plaintiff has failed, by the greater weight of the evidence, to prove that any of the named defendant officers were negligent in confiscating and/or destroying plaintiff's dress shoes.
4. Plaintiff alleges that also during the shakedown, his eyeglasses were damaged, however, there is insufficient evidence in the record to establish that any of the named defendant officers damaged the eyeglasses or were negligent in any manner with respect to plaintiff's eyeglasses. Plaintiff has failed, by the greater weight of the evidence, to prove that any of the named defendant officers were negligent in causing damage to plaintiff's eyeglasses.
5. Hyde Correctional officers are required to inventory and log inmates' property on a DC-160 form at any time there is inmate movement, a transfer out, a transfer in, or when an inmate is moved to segregation. On or about January 8, 1999, plaintiff was scheduled for a court hearing in Durham, North Carolina, and was being transported to the Durham County jail for the same. Plaintiff packed his belongings, and ended up with five (5) bags of his property. Plaintiff was told that he could only take three (3) of his bags with him, and that the other two (2) would be stored at Hyde until his return.
6. Officer Payne was responsible for transporting the plaintiff to Durham. Officer Payne was also responsible for completing a DC-160 form to inventory plaintiff's property, including several law books owned by plaintiff. Officer Payne did not complete the DC-160 form as required. Upon plaintiff's return to Hyde Correctional facility, he inquired as to the whereabouts of his stored property. The property could not be located and was presumed lost. It was foreseeable that, without properly being inventoried, the plaintiff's property might become lost or misplaced.
7. There were several legal texts among plaintiff's property that was lost, including the following, with the purchase price listed in parentheses: Code of Virginia Rules of Civil Procedure ($36.00), Code of Virginia Criminal Law ($42.00), North Carolina Criminal Law and Procedure — 1991 ($37.00), North Carolina Criminal Law and Procedure — 1995 ($43.00), North Carolina Rules of Court ($41.00), General Statutes of North Carolina Annotated Rules ($42.00), Federal Rules of Court ($29.00), Law of Sentencing, Probation and Parole in North Carolina ($32.00), Prisoners Self-Help Litigation Manual ($30.00), Georgetown Law Journal ($10.00), ICS Legal Assistant School Textbooks and Manuals ($303.70), Federal Habeas Corpus File Price v. McDade, No. 5:93-HC-517-F ($95.00), for a total of $740.70. Plaintiff also claims he lost 2,000 plus pages of case law, however, the cost of the same was not substantiated. The fair market value of the above-mentioned textbooks is approximately one-half the cost of the purchase prices, equaling $370.35.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina in the loss of the items of plaintiff's personal property by the greater weight of the evidence. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the confiscation and destruction of his dress shoes, or in causing damage to his eyeglasses.
3. To recover on a negligence claim, a plaintiff must allege and prove that a plaintiff was owed a certain duty and that the duty was breached and the breach proximately and foreseeably caused the plaintiff's injury. Bolkir v. NCSU, 321 N.C. 706, 365 S.E.2d 898 (1988). Officer Payne of Hyde Correctional Center had a duty to complete a DC-160 form at the time the plaintiff was moved to Durham County jail on or about January 8, 1999. Officer Payne was negligent in not completing said form, and as a proximate result of said negligence, plaintiff's personal property, in the form of the following legal textbooks, was lost: Code of Virginia Rules of Civil Procedure, Code of Virginia Criminal Law, North Carolina Criminal Law and Procedure — 1991, North Carolina Criminal Law and Procedure — 1995, North Carolina Rules of Court, General Statutes of North Carolina Annotated Rules, Federal Rules of Court, Law of Sentencing, Probation and Parole in North Carolina, Prisoners Self-Help Litigation Manual, Georgetown Law Journal, ICS Legal Assistant School Textbooks and Manuals, and Federal Habeas Corpus File Price v. McDade,
No. 5:93-HC-517-F.
4. The depreciated value of plaintiff's lost books is $370.35. As a result of Officer Payne's negligence, plaintiff was damaged in the amount of $370.35. Wilson v. Posey, 219 N.C. 261, 13 S.E.2d 416 (1941).
 ***********
Based upon the forgoing FINDINGS OF FACT and CONCLUSIONS OF LAW, it is therefore:
 ORDERED
1. That plaintiff shall have and recover nothing from the defendant in this civil action with regard to his dress shoes and eyeglasses, and plaintiff's claim for the same is DISMISSED WITH PREJUDICE.
2. That the defendant shall pay to plaintiff, the amount of $370.35 as damages for his lost legal textbooks.
3. Defendant shall bear the costs and no costs are taxed against the plaintiff.
This the 9th day of August 2005.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER