***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen and the brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. Plaintiff alleges medical negligence in his Tort Claim Affidavit filed with the North Carolina Industrial Commission.
2. Plaintiff did not provide an affidavit from a doctor or medical expert pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure with his Tort Claim Affidavit.
3. Defendant moved to dismiss plaintiff's claim for failure to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure.
4. During and after the motions hearing held on 28 March 2007 with the Deputy Commissioner, plaintiff was given an opportunity to produce an affidavit in compliance with Rule 9(j) of the North Carolina Rules of Civil Procedure.
5. On 10 May 2007, Deputy Commissioner Gillen filed an Interlocutory Decision and Order allowing plaintiff 120 days to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure. This compliance would entail plaintiff producing an affidavit from a medical expert who has reviewed plaintiff's claim and is willing to testify that the medical care given to plaintiff did not comply with the applicable standard of care.
6. The Interlocutory Decision and Order filed by Deputy Commissioner Gillen provided that if plaintiff failed to comply with Rule 9(j) of the North Carolina Rules of Civil Procedure within the time allowed, plaintiff's civil action would be dismissed with prejudice.
7. As of 4 October 2007, no such affidavit had been produced. In the alternative, plaintiff produced a copy of Policy #TX II-3 of the Health Services Policy and Procedure Manual for the N.C. Department of Corrections, which does not meet the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure.
 *********** *Page 3 
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 in failing to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12
shall be dismissed unless:
 a. The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 b. The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 c. The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur."
3. Pursuant to N.C. Gen. Stat. § 90-21.12, plaintiff must show that defendant provided plaintiff with a level of care not in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the *Page 4 
same or similar communities at the time of the alleged negligent act giving rise to the cause of action; and that, generally, expert testimony is necessary to establish this standard of care. Warren v.Canal Indus., Inc., 61 N.C. App. 211, 300 S.E.2d 557 (1983).
4. Plaintiff has not produced an affidavit as required by Rule 9(j) of the North Carolina Rules of Civil Procedure and his claim does not meet any of the exceptions legally sufficient in the absence of an affidavit.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed at this time.
This the 25th day of April, 2008.
S/___________________ DIANNE C. SELLERS COMMISSIONER
 CONCURRING: S/___________________ DANNY LEE MCDONALD COMMISSIONER
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 1