***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rideout with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. The Plaintiff, Derek Hendricks (hereinafter "Hendricks"), alleges that he slipped, fell and injured his knee in his Tort Claim Affidavit filed with the North Carolina Industrial Commission.
2. Specifically, Hendricks alleges on January 16, 2001, while in Mountain View Correction Facility, he entered the dorm, spoke to someone, and then slipped and fell on the floor.
3. Hendricks states he landed on his left knee and that it didn't hurt all of a sudden but he felt it the next day. There was also swelling and pain the next day.
4. Hendricks testified that he couldn't tell there was anything wrong with the floor.
5. The time in which Hendricks fell was the time the floors were ordinarily cleaned and inmates are restricted to the yard.
6. Hendricks, as well as others, had been warned by NCDOC employees about walking on the floors during the normal cleaning hours
7. Hendricks failed to prove by the greater weigh of the evidence that a named state actor breached a duty of care or was negligent in the return of his books.
8. Hendricks had never named a specific negligent NCDOC employee in this case.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 3 
2. Plaintiff has failed to prove by the greater weight of the evidence that his injury resulted for the negligence of a state actor.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claims under the State Tort Claims Act are hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 28th day of July 2008.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1