The undersigned respectfully dissents from the majority Decision and Order concluding that $150,000 is a reasonable amount of damages in this case. The greater weight of the competent evidence proves that plaintiff did not establish that she suffered damages in the amount of $150,000.
Actions to recover for the negligence under the State Tort Claims Act are guided by the same principles of other civil causes of action.Bolkhir v. N.C. State. Univ., 321 N.C. 706, 365 S.E.d 2d. 898 (1988). In order to establish a cause of action for negligence, plaintiff must show that (1) defendant owed plaintiff a duty of care; (2) the actions or failure to act by defendant breached that duty; (3) the breach of duty was the actual and proximate cause of plaintiff's injury; and (4) plaintiff suffered damages as a result of said breach. Simmons v. N. C,Dept. of Transp., 128 N.C. App. 402, 496 S.E.2d 790 (1998).
Plaintiff has failed to prove that she suffered damages in the amount of $150,000. Proof of damages must be made with reasonable certainty sufficiently specific to permit the trier of fact to arrive at a reasonable conclusion on the amount of damages. Weyerhaeuser v. SupplyCo., Inc., 292 N.C. 557, 234 S.E.2d 605 (1977). Damages may not be awarded where the evidence is no more than speculation. Id.
In this case, plaintiff's only witnesses were herself and her mother. Plaintiff did not provide medical records or testimony or evidence of pecuniary or financial loss. Although plaintiff claims to have suffered physical pain and mental injury, plaintiff failed to offer medical *Page 12 
testimony or records to substantiate her claim. Furthermore, nearly five years after the events in question, plaintiff had not sought treatment for her alleged undiagnosed mental condition. In light of plaintiff's actions in prison and her testimony, the greater weight of the evidence establishes that plaintiff failed to prove that she sustained damages in the amount of $150,000.
Based upon the foregoing reasons, the undersigned respectfully dissents.
 S/________________________ BUCK LATTIMORE COMMISSIONER
 *Page 1