***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 *********** *Page 2 
The following documents were proffered as evidence as:
 EXHIBITS
1. Defendant's Exhibit #1: Administrative Remedy Procedure Form, grievance response
2. Defendant's Exhibit #2: Grievance Form No. 4865-06-551
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On April 11, 2006, Plaintiff was removed from the dining hall and was taken directly to segregation. Thereafter, his personal property was removed from his cell and placed into storage.
2. There are two DC-160 forms listing the property that was removed from plaintiff's cell, both dated April 11, 2006. The first lists a number of items, some of which were missing when the remaining were returned. The missing items include assorted cosmetics, assorted canteen items, assorted magazines, one pair of socks, and two postage stamps. This DC-160 form is signed by Officer I. Isaac.
3. The second DC-160 form, signed by Officer P. Russ, lists the following items: one pack of tobacco, one bottle of rubbing alcohol, one finger nail clipper, three razors, and one used pack of cigarette papers. Plaintiff alleges, and the Full Commission finds as fact, that none of these items were returned.
4. Plaintiff filed a grievance seeking the return of his goods or payment for the missing items in the amount of $50.00. In the response to the grievance, Defendant did not *Page 3 
contest that the items were missing, but contested instead whether they had an aggregate value of greater than $5.00.
5. The Full Commission finds, based on the greater weight of the evidence, that the total value of Plaintiff's missing items is $50.00.
 ***********
The foregoing Findings of Fact engender the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the state:
 The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina.
2. Under the provisions of the Tort Claim Act, negligence is determined by the same rules applicable to private parties. Balkin v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has shown by the greater weight of the evidence that Defendant was negligent in the bailment of the property removed from his cell on April 11, 2006. Defendant has failed to offer any evidence in contradiction to plaintiff's allegations. Plaintiff is therefore entitled to reimbursement for the missing items. Based upon the testimony at the hearing, the missing items have an aggregate value of $50.00 and plaintiff is entitled to reimbursement in that amount. Wilson v. BurchFarms, Inc., 176 N.C.App. 629, 640, 627 S.E.2d 249, 258 (2006).
 *********** *Page 4 
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff shall have and recover the amount of $50.00 from Defendant in reimbursement for the value of property lost due to the negligence of Defendant's agents or employees. Defendant shall pay Plaintiff this sum as money damages.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
 This the 30th of May, 2009.
S/_____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_____________ STACI T. MEYER COMMISSIONER
 S/__________________________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1