***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Houser and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Houser.
 ***********
The following documents were submitted as evidence to the Deputy Commissioner as:
 EXHIBITS
1. A Request for Assistance, which was admitted into the record and marked as Plaintiff's Exhibit (1);
2. Correspondence to Greg Davis, which was admitted into the record and marked as Plaintiff's Exhibit (2); *Page 2 
3. Medical Requests, which were admitted into the record over Defendant's objection and marked as Plaintiff's Exhibit (3);
4. Two Grievances and Responses, which were admitted into the record and collectively marked as Plaintiff's Exhibit (4);
5. An Affidavit from Mr. Jeffery R. Watterson marked as Plaintiff's Exhibit (5), but not admitted into the record, with Defendant's objection thereto being SUSTAINED.
6. An Affidavit from Mr. Mandrey Davis marked as Plaintiff's Exhibit (6), but not admitted into the record, with Defendant's objection thereto being SUSTAINED.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. Randolph A. Watterson, is a prison inmate incarcerated in the custody and control of Defendant North Carolina Department of Correction (hereinafter "NCDOC"). Plaintiff has alleged that one or more of Defendant's employees at Craven Correctional Institution were negligent in not providing him with a partial denture.
2. On July 12, 2009, Plaintiff accidentally flushed his partial down the toilet. Plaintiff testified that this occurred because he was hit, or assaulted from behind, by another inmate, and that the force of this hit caused his partial denture to fall out of his mouth, and into the toilet just as he was flushing it.
3. At that time, Plaintiff was a "safe-keeper" at Craven Correctional Institution, meaning he was a pre-trial detainee. *Page 3 
4. Defendant's Policy and Procedure provides that a safe-keeper is only eligible to receive Level (1) dental care due to the fact that such inmates are subject to being released from its custody at any given time. Level (1) dental care does not include dental treatment for partial dentures. Level (2) dental care, which does include treatment with partial dentures, is provided only to those inmates with eighteen (18) months remaining on their sentences. The medically necessary exception provision to this policy provides that treatment may be provided if medically necessary, notwithstanding the category of care assigned to that particular inmate. What is medically necessary is defined as treatment that is needed to maintain the inmate's health, safety, or life.
5. Plaintiff's dental treatment records indicate that Dr. Simbarashe Jaravaza, the full time dentist at Craven Correctional Institution, evaluated Plaintiff and determined that he did not qualify for Level (2) care and that he did not fall within the medically necessary exception. Dr. Jaravaza noted that Plaintiff is only missing six lower teeth, and that he has adequate natural teeth with which to chew food.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. StateUniversity, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). *Page 4 
2. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. RexHospital, 326 N.C. 701, 392 S.E.2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove his case by a preponderance of the evidence.
3. Plaintiff produced no evidence that Defendant, by or through its employees, had any duty to provide him with a partial denture and that failure to do so constituted a breach of that duty.Id. The Full Commission therefore concludes Plaintiff has not satisfied his burden of proving that Defendant, by or through its employees or agents, was negligent with respect to not providing Plaintiff with a partial denture. Id.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's tort claim is hereby DENIED.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 5 
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1