***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris and the assignments of error and briefs before the Full Commission. The parties have not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of former Deputy Commissioner Harris, with minor modifications.
 ***********
The following documents were received in evidence before the Deputy Commissioner as:
 EXHIBITS
1. Plaintiff's Exhibit 1: Request for Information forms *Page 2 
2. Plaintiff's Exhibit 2: DC-160 forms
3. Plaintiff's Exhibit 3: Grievance documentation
4. Plaintiff's Exhibit 4: Rejection of Mail form
5. Plaintiff's Exhibit 5: Inmate Request for Assistance form
6. Defendant's Exhibit 1: List of personal property
7. Defendant's Exhibit 2: Copies of DC-160 forms
 *********** ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, his personal property was lost.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 15, 2008, Plaintiff was an inmate at Scotland Correctional Institution.
2. On that date, Plaintiff was removed from his cell in the general population and sent to segregation. Plaintiff's personal property remained in his cell.
3. After Plaintiff was moved to segregation, Correctional Officers Bronson, Grant and Farmer presented him a with DC-160 Personal Property Inventory form purporting to list the personal property located in Plaintiff's cell. The form did not list items of property individually, but rather, listed categories such as "assorted books," "assorted papers," and "assorted letters." The DC-160 form includes a space for the inmate to sign to acknowledge the accuracy and *Page 3 
completeness of the inventory. Plaintiff refused to sign the form because he felt the list of property contained on the form was incomplete.
4. During the time that he was in segregation, Plaintiff made several inquiries about his property, but he did not receive any information until he was released from segregation briefly on February 26, 2008. Following his release from segregation, Plaintiff reported to the Unit Manager who ordered that another inventory of Plaintiff's property be completed.
5. In response to the Unit Manager's instructions, Officers Bronson, Grant and Farmer presented Plaintiff with a new set of three DC-160 forms. The forms indicate that the property listed was stored. Plaintiff again refused to sign the forms on the basis that they did not list all of his property.
6. Plaintiff was returned to segregation on February 26, 2008 and was released again on March 13, 2008, at which time he received one bag containing his property. Plaintiff contends that his property actually filled seven bags. Among the items that Plaintiff contends were not returned to him are prescription eyeglasses, headphones, a radio, a Black's Law Dictionary, a statute book, a civil procedure book, a medical dictionary, a drug guide, a Merck Manual, a DOP policy and procedure manual, personal hygiene items, canteen items, photographs of family members, and religious headgear.
7. The Full Commission finds that there is sufficient evidence to show that Plaintiff's possessions were negligently handled by agents or employees of Defendant and that Plaintiff suffered a loss as a result. Accordingly, Plaintiff is entitled to be reimbursed for his loss. The Full Commission finds that the amount of $500.00 is reasonable to reimburse Plaintiff for his loss.
 *********** *Page 4 
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against departments, institutions and agencies of the state, including Defendant. Id.
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Id.
4. Defendant, through its officers, had a duty to Plaintiff to use reasonable care to protect his personal property from loss while such property was in Defendant's custody and control.
5. Defendant, through the conduct of its officers, breached its duty of reasonable care by allowing Plaintiff's personal property to be lost while it was in Defendant's custody and control.
6. The loss of Plaintiff's personal property was actually and proximately caused by the negligence of Defendant's officers.
7. Plaintiff sustained monetary damages because of the loss of his personal property. A sum of $500.00 is a reasonable amount to compensate Plaintiff for his damages. *Page 5 
8. Plaintiff is entitled to receive the sum of $500.00 from Defendant as monetary damages in this claim. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant SHALL pay to Plaintiff the sum of $500.00 as monetary damages.
2. Defendant shall pay the costs.
This the ___ day of September, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ TAMMY R. NANCE COMMISSIONER *Page 1