***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
The following documents were proffered as evidence before the Deputy Commissioner as:
 EXHIBITS
1. Defendant's Exhibit #1: Chronological Record of Health Care (Form DC-387) *Page 2 
2. Defendant's Exhibit #2: Administrative Remedy Procedure
 *********** ISSUES
In an affidavit filed on July 28, 2008, Plaintiff alleged that on December 16, 2007, and for reasons unknown, he slipped and fell dislocating his right shoulder. Following his treatment for the shoulder injury, Plaintiff maintains that it was recommended that he have surgery on the shoulder which Plaintiff contends has been negligently denied to him. Plaintiff also contends that for the eight months following the injury, employees of Defendant failed to provide the medication recommended by his treating physician and that as a result he suffered pain. Defendant moved to dismiss Plaintiff's claim on grounds that (1) Plaintiff's claim is frivolous; (2) Plaintiff is alleging malpractice and so is subject to the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure; and (3) that Plaintiff's claim, even if taken as true, does not establish negligence. Defendant's Motion to Dismiss was DENIED by Special Deputy Commissioner Donna Taylor by Order dated November 14, 2008.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On December 16, 2007, Plaintiff was housed at Mountain View Correctional Institute in Avery County, North Carolina. In his Affidavit, Plaintiff claims that on that date he "accidentally slipped and fell for some reason out of my control." Based upon the findings of the Special Deputy in the November 14, 2008 Order, at that time, Plaintiff maintained that he slipped on water negligently left in the hallway. In the hearing before the Deputy Commissioner, Plaintiff contended that he was intentionally tripped by another inmate. *Page 3 
2. The Full Commission finds that Plaintiff is not credible with regard to the nature of his fall. Accordingly, he has failed to show that he was injured by the fall itself as a result of the negligence of an employee of defendant.
3. On December 16, 2007, Plaintiff was treated for what appeared to be a dislocated right shoulder and shoulder pain. Plaintiff's medical records indicate that following his treatment for the dislocated shoulder, it was recommended that he receive six Tylenol with a dosage of 650 mg per day for pain. Prior to this injury Plaintiff was on a regimen of 500mg Tylenol for other ailments unrelated to this claim.
4. On December 18, 2007, Dr. Robert Uhren evaluated Plaintiff. At that time, Plaintiff was already receiving Tylenol. There was not a notation in the medical records that Plaintiff had not been receiving those medications. Dr. Uhren referred Plaintiff to Carolina Orthopedic Specialists, who recommended that Plaintiff undergo physical therapy.
5. On October 8, 2008, Plaintiff presented to Carolina Orthopedic for follow-up. Surgical intervention was discussed; however, after reviewing Plaintiff's medical history, the risks of surgery outweighed the benefits of the surgery. It is noted that since the filing of Plaintiff's Affidavit, he has received medical advice the precludes having the surgery that was the primary focus of his original complaint. Accordingly, this portion of his complaint has been withdrawn.
6. Ms. Ellen Hayes Wiley, a Nurse Supervisor II for Defendant working at Mountain View Correctional, testified that upon her review of Plaintiff's medical records it appeared that everything that was ordered by the Department of Correction and its medical staff was provided to Plaintiff. *Page 4 
7. While Plaintiff contends that he was denied any medication for various periods of time, his medical records indicate that he received the 500mg dose of Tylenol regularly and as prescribed. Based upon Plaintiff's medical records and the other instances wherein Plaintiff has demonstrated a lack of credibility, the Full Commission finds that Plaintiff has received his medication as prescribed, with the exception of it being at a slightly lower dosage.
8. Plaintiff's claim of injury is that he incurred pain and suffering as a result of receiving the lower dosage of medication for a period of eight months following the right shoulder injury. At the hearing before the Deputy Commissioner, Plaintiff noted that since that time he has received all treatment as recommended and is continuing to receive treatment, including injection therapy and continuing medication.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions, and agencies of the State. Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. Id.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prove negligence, Plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by Defendant (the named employees thereof in a tort *Page 5 
claim), (3) the breach resulted in injury to Plaintiff, and (4) Plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp., 326 N.C. 701, 392 S.E.2d 380 (1990).
3. Plaintiff has failed to prove that an employee of Defendant breached a duty owed to Plaintiff. Id. Even if Plaintiff has proven that an employee of Defendant had breached a duty owed to him, Plaintiff has failed to establish damages. Id. As such, Plaintiff has failed to establish negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office. N.C. Gen. Stat. § 143-291; Pulley v. Rex Hosp.,326 N.C. 701, 392 S.E.2d 380 (1990).
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of November, 2011.
 S/______________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_______________ TAMMY R. NANCE COMMISSIONER *Page 6 
 S/__________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1