* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Tort Claims Act and the Rules of the North Carolina Industrial Commission.
2. All parties were correctly designated and there is no question of misjoinder or non-joinder of parties.
3. On May 15, 2002, Patricia Hefner, who was born on April 24, 1956, was operating her husband Randy Hefner's 1997 Chrysler vehicle, license number LRP-1380, traveling southbound on RP-1381 in Wake County, North Carolina. Minor Elizabeth Hefner was a front-seat passenger in the vehicle driven by her mother, Patricia Hefner.
4. Tracey Bolden was an employee of defendant and operated defendant's vehicle with the approval and express consent of defendant. At the time of the collision, Ms. Bolden was acting within the course and scope of her employment with defendant and was operating a Wake County Board of Education school bus, license number 23135-S, traveling westbound on RP-1381.
5. At approximately 7:49 a.m., Ms. Bolden failed to yield right-of-way to the vehicle Patricia Hefner was operating, thereby striking the Hefner vehicle.
6. Witnesses to the collision include Patricia Hefner, Elizabeth Hefner, Ms. Bolden, and Joanna Cartwright. Trooper S.B. Rietvelt of the North Carolina Highway Patrol investigated the collision and charged Ms. Bolden with failure to yield.
7. As a result of the collision, Patricia Hefner sustained a right ankle fracture and dislocations and Elizabeth Hefner sustained an oblique fracture of her left distal second metacarpal shaft and facial bruising.
8. On January 21, 2005, defendant filed an Offer of Judgment in the amount of $36,000.00, along with costs accrued up to the time of the offer.
9. By Order of Commissioner Bernadine Ballance filed July 14, 2004, Randy Hefner's individual claim was dismissed.
10. Plaintiffs' medical records were stipulated into evidence as Stipulated Exhibit #1 and the remaining exhibits were stipulated into evidence as Stipulated Exhibit #2. The medical records and bills of Elizabeth Hefner were received into evidence.
11. At the hearing before the Deputy Commissioner, the issues were the extent of defendant's liability for damages to Patricia Hefner and Elizabeth Hefner; however, the only issue before the Full Commission is the extent of defendant's liability for damages to Patricia Hefner.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Following the collision on May 14, 2002, Patricia Hefner was taken by emergency ambulance to Western Wake Medical Center, where she was noted to be suffering from bruising, neck pain, back pain, shoulder pain and general soreness, in addition to the ankle fractures and dislocations. The doctors initially tried to reset Patricia Hefner's broken and dislocated ankle without anesthesia, and she had to bite down on a washcloth to withstand the pain from the unsuccessful attempt. Later that day approximately 6:00 p.m., Dr. Jeffrey Kobs of Raleigh Orthopedic Clinic performed surgery for the laterally displaced subtalar dislocation of her right ankle with a displaced medial malleolar fracture. The surgery included a closed reduction under general anesthesia of the dislocations and open reduction with internal fixation by the insertion of a permanent screw into her ankle.
2. On May 15, 2002, Patricia Hefner was released from the hospital and returned to her home. As a result of her injuries, she was unable to climb the stairs in her home to reach her bedroom and had to stay in a guest bedroom on the first floor, using a walker to get to and from the bathroom. Patricia Hefner wore a cast on her right ankle for three weeks, after which she wore a boot through July 2002. In early July, she was able to put weight on her ankle and worked with her physical therapist to walk with the aid of crutches. During this time, Patricia Hefner was unable to do the tasks of daily living, such as cooking, cleaning and other housework. She attended her oldest son's graduation in a wheel chair and was unable to participate in other graduation activities. Ultimately, Patricia Hefner was confined to a wheelchair for six weeks and was not able to drive or walk without assistance for three months. After the accident, she left her home to stay with her parents in Washington, so they could provide her assistance while her husband began a new job.
3. Patricia Hefner can no longer play tennis, softball, snow ski, do aerobics or run for exercise. The Hefners had a family tradition of snow skiing every Christmas for the previous eight years. Although Patricia Hefner attempted to ski a couple of years after the motor vehicle accident, she found she could no longer snow ski. Prior to the accident, she also played tennis with her husband and taught her children to play tennis; however, she is no longer able to participate in that family activity. She has difficulty using stairs and continues to lose her balance. She can no longer wear heeled shoes and has a two-inch scar on her right ankle from the surgery. It is also possible that Patricia Hefner may need fusion surgery in the future, depending on the level of her continued pain.
4. Patricia Hefner took pain medication for approximately six months and continues to take Tylenol P.M. since sleeping is difficult due to pain in her ankle. She feels a constant ache in her ankle and her doctor testified that she is much more likely to develop arthritis in her right ankle due to the injury.
5. At the time of the collision, Patricia Hefner was employed in a one year contract position as a fourth grade teacher at Creech Road Elementary School, a Wake County Public School, earning $38,000.00 per year with benefits including health insurance and retirement. She was not able to return to the final three weeks of work for the 2001-2002 school year due to her injuries. Although she did not lose any income for that school year, she had to use her accumulated sick leave and vacation time to cover her absences for those weeks.
6. Patricia Hefner wanted to continue her employment with Wake County Public Schools and, in order to obtain a job, she needed to meet personally with the principals of schools to interview for teaching positions. As a result of her injuries, Patricia Hefner was not able to meet personally with school principals. In addition, her principal at Creech Road Elementary was moving to another school and could not hire her for a position at Creech Road Elementary for the 2002-2003 school year. In the summer of 2002, Patricia Hefner did, however, hire a driver to take her to and from workshops and classes in order to maintain her teaching certification.
7. Patricia Hefner did not obtain employment with Wake County Public Schools but did accept a job with Wake Christian Academy, at a salary of $23,000.00 per year, without health insurance and retirement benefits. As a result of employment at Wake Christian Academy, however, the Hefners saved approximately $6,000.00 in tuition payments for two of their children who attended the school. In addition, Patricia Hefner felt Wake Christian Academy was an easier environment in which to work following her injuries.
8. Patricia Hefner has a life expectancy of 31 years. As a result of her injuries, Dr. Kobs assigned Patricia Hefner a 35% permanent partial disability rating. She is limited to one to two hours of walking or standing, with rest. Patricia Hefner received a second opinion from Dr. David Dupuy, who assigned her a 10% permanent partial disability rating.
9. Patricia Hefner incurred medical expenses in the amount of $16,256.74 as a result of the injuries she received on May 14, 2002.
10. As a result of the accident, Elizabeth Hefner wore a cast and/or splint on her arm for approximately one month due to her fractured hand. She missed school and soccer activities, and was not able to go into the sun due to facial abrasions she received in the collision. Elizabeth Hefner had no further complications from her hand after approximately three months, and has no permanent injuries as a result of the accident.
11. Randy Hefner incurred medical expenses in the amount of $1,238.08 on behalf of his daughter Elizabeth Hefner as a result of the injuries she received on May 14, 2002.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The Industrial Commission has jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. N.C. Gen. Stat. § 143-291(a).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988). Defendant admits negligence and proximate cause. N.C. Gen. Stat. § 143-291(a).
3. The only issue for determination before the Commission is the amount of damages recoverable for Patricia Hefner. Patricia Hefner has a screw in her ankle, scarring from surgery, continues to experience pain, and has a permanent functional impairment to her right leg. Patricia Hefner could not return to work at Wake County Public Schools for the school year following the collision, which resulted in an economic loss, and she has chosen to remain teaching at Wake Christian Academy because the teaching duties are less physically demanding than in public schools. The injuries Patricia Hefner sustained have altered her active lifestyle and she is unable to be physically active and participate in several regular family activities. As a result of her injuries, Patricia Hefner is entitled to $280,000.00. N.C. Gen. Stat. § 143-291(a).
4. Randy Hefner incurred medical expenses in the amount of $1,238.08 on behalf of his daughter Elizabeth Hefner as a result of the injuries she received on May 14, 2002. Thus, Randy Hefner on behalf of his daughter Elizabeth Hefner is entitled to $10,000.00. N.C. Gen. Stat. § 143-291(a).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay Patricia Hefner the sum of $280,000.00.
2. Defendant shall pay Randy Hefner on behalf of his daughter Elizabeth Hefner the sum of $10,000.00.
3. Defendant shall pay the costs.
This 21st day of December 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER