* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rowell and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Rowell.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on the Defendant NCDOC's Motion to Dismiss was held by the Deputy Commissioner on May 20, 2005.
2. In his Tort Claim Affidavit filed with the North Carolina Industrial Commission, Plaintiff alleges that he was injured by a NCDOC employee placing his hand over Turner's hand and squeezing aggressively.
3. NCDOC moved to dismiss Plaintiff's claim, asserting lack of subject matter jurisdiction on the basis that Plaintiff alleged intentional acts. Further, NCDOC moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted in that Plaintiff's allegations are not sufficient to establish negligence.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkir v. N.C. State University, 321 N.C. 706, 709,365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Plaintiff's Affidavit and argument at hearing shows alleged intentional acts on the part of the NCDOC.
4. Intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts. Thus, Plaintiff failed to state a claim for negligence.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Turner was permitted to file this civil action in forma pauperis.
This 1st day of November 2006.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER