* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Deputy Commissioner, assignments of error and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the decision. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. In plaintiff's Tort Claim Affidavit, plaintiff alleges intentional acts by employees of defendant in that they opened plaintiff's legal mail without his consent. *Page 2 
2. Defendant moved to dismiss plaintiff's claim pursuant to Rule 12(b)(1) and 12(b)(6) of the North Carolina Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.
3. In addition, plaintiff failed to describe how defendant's employees breached their duty of care to plaintiff and what injury was proximately caused by the named employee's actions.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Claims based on intentional acts are not within the scope of the Tort Claims Act. See N.C. Gen. Stat. § 143-291. Plaintiff's allegations in the Affidavit, taken as true, amount to allegations of intentional acts on the part of the defendant. Therefore, the Industrial Commission lacks jurisdiction over plaintiff's claims. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER *Page 3 
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of February 2008.
 S/_____________
 PAMELA T. YOUNG
 CHAIR
CONCURRING:
 S/_____________ DANNY L. McDONALD COMMISSIONER
 S/_____________ CHRISTOPHER SCOTT COMMISSIONER