***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before the Special Deputy Commissioner and the submissions to the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
Based on the competent evidence of record, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. The plaintiff filed a Tort Claim Affidavit with the North Carolina Industrial Commission alleging various actions or inactions of defendant's employees were malfeasance of office, dereliction of duty, gross negligence and corrupt or malicious. Plaintiff alleged that earned time credits have not been applied correctly. In addition, plaintiff has complaints against defendant about the ventilation, meals provided, and refusal to provide medical treatment.
2. A hearing on defendant's Motion to Dismiss was held on July 16, 2007 before the Special Deputy Commissioner and on August 30, 2007, Special Deputy Commissioner dismissed plaintiff's claim.
3. Plaintiff's allegations related to medical treatment show retaliatory actions, not medical negligence or malpractice.
4. Defendant moved to dismiss plaintiff's claims on the basis of allegations of intentional acts, public official authority, and failure to comply with Rule 9(j) pleading requirement.
5. Plaintiff's Affidavit and argument at the hearing before the Special Deputy Commissioner have failed to state a claim for which relief can be granted.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. *Page 3 
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Jones has failed to state a claim for negligence upon which relief can be granted.Bolkhir v. N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900
(1988).
 ***********
The foregoing findings of fact and conclusions of law engender the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby dismissed with prejudice.
2. No costs are taxed as Jones was permitted to file this civil actionin forma pauperis.
This the 18th day of March 2008.
 S/___________________
 PAMELA T. YOUNG
 COMMISSIONER
CONCURRING:
S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1