***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. A hearing on defendant's Motion to Dismiss was held before Deputy Commissioner Gillen on July 20, 2007.
2. Plaintiff alleges in his Tort Claim Affidavit filed with the North Carolina Industrial Commission that he was injured when Correctional Officer Sergeant Michael Smith used "severe excessive force" against him.
3. Defendant moved to dismiss plaintiff's claim asserting lack of subject matter jurisdiction on the basis that plaintiff alleged intentional acts. Further, defendant moved to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted in that plaintiff's allegations are not sufficient to establish negligence.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
2. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
3. Plaintiff's Affidavit and argument at hearing show alleged intentional acts on the part of Defendant. Intentional acts are not within the scope of the Tort Claims Act. See N.C. *Page 3 
Gen. Stat. § 143-291. The Industrial Commission lacks jurisdiction over claims of intentional acts. Therefore, plaintiff has failed to state a claim for negligence.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the State Tort Claims Act must be and is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Smith was permitted to file this civil actionin forma pauperis.
This the 23rd day of April, 2008.
S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BUCK LATTIMORE COMMISSIONER
 S/___________________ DANNY LEE MCDONALD COMMISSIONER *Page 1