***********
The undersigned reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Decision and Order of Deputy Commissioner Gillen.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. A hearing on plaintiff's tort claim was held before a deputy commissioner on August 31, 2007.
2. Plaintiff is an inmate in the North Carolina Department of Correction. *Page 2 
3. Plaintiff filed a Tort Claim with the North Carolina Industrial Commission alleging that some of his law books were confiscated during a search of his cell.
4. On March 3, 2004, plaintiff was transferred from Central Prison to Lanesboro Correctional Institution ("LCI").
5. Plaintiff brought with him a number of personal items, including 12 law books.
6. While plaintiff was being processed into the unit, he was informed that under LCI Standard Operating Procedures, inmates were allowed to keep no more than six books in their possession and that excess books would have to be sent to an addressee designated by the prisoner.
7. LCI SOP.2604 1(b) provides:
 To avoid security and sanitation problems related to storage the total amount of personal books, newspapers and magazines retained by inmates shall not exceed six (6).
 Division of Prisons Policy .0208 (a) provides: "The amount of legal materials and texts which an inmate may be permitted to keep at the prison facility will be limited based upon the following:
 (1) The amount of personal storage space provided, based upon the inmate's custody classification;
 (2) The amount of personal storage space available within the prison facility's physical plant; and
 (3) The security, safety, sanitation and fire hazard considerations affecting the orderly operation of the prison facility.
8. Plaintiff protested that he needed all the law books to prepare a Motion for Appropriate Relief challenging his conviction. North Carolina Prisoner Legal Services had informed plaintiff that it would not take his case because the challenge to his conviction did not appear to be legally well founded.
9. The correctional officers who conducted the inventory of plaintiff's property *Page 3 
refused to permit him to have more books than the LCI SOP allowed and told him that he would either have to give an address to send the excess books or the books would be destroyed. He was allowed to select which books to keep in his possession.
10. The correctional officers were acting in accordance with LCI policy.
11. Plaintiff testified that the books he was not permitted to retain did arrive at the address he designated. Apparently, the person to whom plaintiff sent the books has refused to return them to him.
12. Plaintiff has not shown that negligence of any DOC employee caused a loss of his property.
13. The confiscation of plaintiff's books was an intentional act committed pursuant to and in accordance with DOP policy and LCI SOP.
14. Plaintiff has not shown that he suffered any injury due to a negligent act of any DOC employee.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).3. Plaintiff has failed to prove any negligence on the part of any *Page 4 
named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, Wade's claim must be, and hereby is, DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 16th day of April 2008.
 S/______________________ BUCK LATTIMORE COMMISSIONER
CONCURRING:
 S/______________________ DIANNE C. SELLERS COMMISSIONER
 S/______________________ DANNY L. MCDONALD COMMISSIONER *Page 1