***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Gillen and plaintiff's brief before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefore, the Full Commission makes the following:
 FINDINGS OF FACT 1. A hearing on plaintiff's tort claim was held on 31 August 2007. *Page 2 
2. Plaintiff (hereinafter "Alston") is an inmate in the North Carolina Department of Correction. Alston has a disability from a gunshot wound he incurred before his admission to prison. At the time of his admission to prison he was ambulatory. He did not require a wheelchair.
3. It was shown that, prior to November 2001, plaintiff was not wheelchair-bound in that he had been disciplined for assaulting other inmates with his cane.
4. Alston filed a Tort Claim with the North Carolina Industrial Commission alleging that he is partly paralyzed and that on 5 December 2001, while confined in disciplinary segregation at Central Prison in an area that was not equipped to housed disabled prisoners, he fell in the shower and was injured.
5. Alston alleged that he fell in the shower because the shower he was to use was not wheelchair-accessible.
6. Pursuant to Department of Correction policy, prisoners are not permitted to have wheelchairs or crutches without a doctor's order. Similarly, prisoners are not assigned to cells for prisoners with mobility disabilities unless ordered by a doctor.
7. Alston testified that subsequent to the fall he was taken to the Hospital and that the doctor told him nothing was wrong.
8. Alston's voluminous medical records contain no entry on the date 5 December 2001 indicating that he was seen by medical personnel. On 19 November 2001 Alston was brought to the ER at CP Hospital, claiming he had fallen. Medical staff found no tenderness, lesions or spasms to his back. The medical records noted that Alston was observed moving his legs when he thought he was not being watched. He was given Toradol for pain. Lumbar-thoracic x-rays should no acute injury. *Page 3 
9. On 27 November 2001, Alston submitted a sick call request, asking to be moved to a handicapped cell. He was examined by Dr. Gabriel Kyermaten, who referred Alston to the Neurology Clinic for evaluation and recommendation as to whether he needed a handicapped cell. He was seen at the Neurology Clinic on 30 November 2001. Pursuant to the neurologist's recommendation, Alston was assigned to a handicapped cell in Central Prison Hospital. 30 November 2001 was the first date of any medical recommendation for a handicapped cell. Pursuant to the physician's order, Alston was transferred to a cell equipped for handicapped prisoners.
10. The first notation in the medical records concerning a claimed fall on 5 December was on 17 February 2002. On 17 February 2002 Alston claimed to have difficulty walking because of the alleged fall on 5 December 2001. On 19 February 2002 an order was written for him to have a wheelchair for daily activities. On 22 April 2002 Alston asked for a wheelchair with footrests and an order was written for one.
11. The evidence indicates plaintiff was in a cell equipped for handicapped prisoners on 5 December 2001, the date of the alleged fall.
12. Alston did not present sufficient evidence to prove that he suffered an injury due to a fall on or about 5 December 2001.
13. Alston did not present sufficient evidence of negligence of any DOC employee.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW *Page 4 
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions, and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to prove any negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office, employment, service, agency, or authority that proximately caused plaintiff an injury. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Under the law, Alston's claim must be, and hereby is, DENIED.
2. No costs are taxed as Alston was permitted to file this civil action in forma pauperis.
This the 23rd day of April, 2008.
S/___________________ DIANNE C. SELLERS COMMISSIONER
 CONCURRING: *Page 5 
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ BUCK LATTIMORE COMMISSIONER *Page 1