***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff alleged negligence on the part of defendant in connection with an incident in which the medical staff at Harnett Correctional Institute failed to properly review his *Page 2 
medical records and charged plaintiff a $3.00 co-pay for a medical visit related to chronic migraine headaches.
2. Plaintiff has chronic migraine headaches that are the result of an assault he suffered while in the custody of the Department of Correction. On or about July 9, 2003, the medical staff at Harnett Correctional Institute failed to properly review plaintiff's medical records to determine whether plaintiff's migraine condition was chronic. As a result, plaintiff was charged $3.00 as a co-pay for his medical visit.
3. Department of Correction policy exempts co-pays for medical visits related to a chronic condition.
4. Plaintiff's migraine headaches are a chronic condition.
5. Plaintiff suffered damages in the amount of $3.00, the co-pay charged for his medical visit.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In the case at hand, plaintiff has shown that defendant was negligent in its review of his medical records to determine whether his July 9, 2003 visit was exempted from a co-pay charge. *Page 3 
3. The burden of proving damages is on the party seeking those damages. Olivetti Corporation v. Ames Business Systems, 319 N.C. 534,356 S.E.2d 578 (1987). The party seeking damages must show that the amount of damages is based on a standard that will allow the finder of fact to calculate the amount of damages with reasonable certainty.Midgett v. Highway Commission, 265 N.C. 373, 144 S.E.2d 121 (1965). Plaintiff has proven damages in the amount of $3.00. Plaintiff failed to present evidence showing any additional damages other than the $3.00 co-pay charge.
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff is awarded $3.00.
2. Defendant shall pay the costs.
This the 8th day of August, 2008.
 S/_______________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/_______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1