* * * * * * * * * * *
The Full Commission reviewed the prior Order of Deputy Commissioner Holmes based upon the record of the proceedings before Deputy Commissioner Holmes and the assignments of *Page 2 
error of Plaintiff before the Full Commission. Upon review and reconsideration of the record of the proceedings, Plaintiff's Tort Claims Affidavit, and the prior motions and Orders in this case, the Full Commission is of the opinion that good grounds exist to affirm in part, the Order of Deputy Commissioner Phillip A. Holmes, and to remand in part, this matter back to the Deputy Commissioner level for a hearing on Plaintiff's negligence claims which are not based on medical malpractice. The Full Commission therefore enters the following Decision and Order.
 * * * * * * * * * * *
Based upon the competent evidence of record the Full Commission enters the following:
 FINDINGS OF FACT
1. Plaintiff, Florentino Bojorquez, is an inmate incarcerated in the North Carolina Department of Correction.
2. Plaintiff filed a Tort Claims action against Defendant which survived Defendant's Motion for Summary Judgment pursuant to the February 4, 2008 Decision and Order of Special Deputy Commissioner Donna Taylor. Based upon a reading of Plaintiff's Affidavit it is clear that Plaintiff's Tort Claims Affidavit stated one or more claims based on negligence and arguably a claim for medical malpractice. The Interlocutory Decision and Order of Special Deputy Commissioner Lawrence filed on June 20, 2007 dealt only with the medical malpractice issue. The subsequent Decision and Order of Special Deputy Commissioner Taylor denying Summary Judgment placed the matter on for hearing apparently on all claims. The Decision of Deputy Commissioner Holmes dealt only with the Rule 9(j) issue. Although the Deputy Commissioner allowed Plaintiff to state anything else he would like to say about his case, the focus of the case did not include plaintiff's allegations of negligence, which were not grounded on medical malpractice. *Page 3 
3. With respect to Plaintiff's medical malpractice claim, Defendant filed a Motion to Dismiss for Plaintiff's failure to comply with the requirements of Rule 9(j) of the North Carolina Rules of Civil Procedure. Special Deputy Commissioner Yolanda Lawrence filed an Interlocutory Decision and Order on June 20, 2007 pursuant to Industrial Commission Rule T201 giving Plaintiff one hundred and twenty (120) days from the filing of her Order to submit to the Industrial Commission an affidavit satisfying the requirements of N.C. Rule of Civil Procedure 9(j), signed by a physician stating that said physician is prepared to testify that Plaintiff's medical treatment in the alleged circumstances fell below the applicable standard of care. The Interlocutory Decision and Order provided that if Plaintiff did not provide the required Rule 9(j) affidavit, this claim would be dismissed.
4. The one hundred and twenty (120) day time period expired on November 19, 2007, which includes an additional two days as the actual due date would have been on a Saturday.
5. This matter came before Deputy Commissioner Holmes for a full hearing on August 6, 2008, which was over a year after the Interlocutory Decision and Order was filed by Special Deputy Commissioner Lawrence.
6. As of August 6, 2008, the Industrial Commission had not received from Plaintiff an affidavit from a qualified medical expert stating that in the expert opinion of the affiant, the medical care provided by Defendant did not comply with the applicable standard of care. Plaintiff testified he had no means of obtaining such an affidavit.
7. Plaintiff was not asked to present evidence on his negligence claims.
 * * * * * * * * * * *
The forgoing Findings of Fact engender the following: *Page 4 
 CONCLUSIONS OF LAW
1. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). Pursuant to Rule 9(j) of the North Carolina Rules of Civil Procedure "[a]ny complaint alleging medical malpractice by a health care provider as defined in N.C. Gen. Stat. § 90-21.11 which fails to comply with the applicable standard of care under N.C. Gen. Stat. § 90-21.12 shall be dismissed unless:
 (a.) The pleading specifically asserts that the medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care;
 (b.) The pleading specifically asserts that the medical care has been reviewed by a person that the complainant will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or
 (c.) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.
2. Plaintiff has not provided an affidavit in compliance with Rule 9(j) within the time permitted by the Interlocutory Opinion and Award referenced above and none of the exceptions to Rule 9(j) apply in this case. Therefore, Plaintiff's claim based on medical malpractice must be dismissed. N.C. Gen. Stat. §§ 1A-1, Rule 9(j) N.C. Gen. Stat. § 143-291(a). *Page 5 
3. Since no evidence has been presented on Plaintiff's other negligence claims, this case is remanded to a Deputy Commissioner for an evidentiary hearing on Plaintiff negligence claims, which do not involve allegations of medical malpractice.
 * * * * * * * * * * *
The foregoing Findings of Fact and Conclusions of Law engender the following:
 ORDER
1. Plaintiff's claim based on medical malpractice is DISMISSED WITH PREJUDICE.
2. This case is REMANDED to Deputy Commissioner Holmes for hearing on Plaintiff's negligence claims which are not based on medical malpractice allegations.
3. No costs are taxed to Plaintiff as Plaintiff was permitted to file this action in forma pauperis.
This the ___ day of April, 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ DIANNE C. SELLERS COMMISSIONER
S/___________________ STACI T. MEYER COMMISSIONER *Page 1