***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Decision and Order. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 ***********
The following documents were proffered as evidence as:
 EXHIBITS
1. Plaintiff's Exhibit #1: Affidavit of Jeffrey Scott, plaintiff's uncle *Page 2 
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing there from, the Full Commission makes the following:
 FINDINGS OF FACT
1. On June 8, 2008, plaintiff was removed from the dining hall and was taken directly to segregation. Thereafter, his personal property was removed from his cell and placed into bags. It is not clear from the record which of Defendant's employees packed Plaintiff's belongings. Sgt. Murray, who did not pack the items, brought the bags to Plaintiff with a DC-160 listing the items packed.
2. Plaintiff examined the contents of the bags and refused to sign the form, claiming that several items were missing that had been in his cell, including two pair of tennis shoes, one box of envelopes, cosmetics, canteen items, and a photograph of his father. Plaintiff alleges that the value of the items was approximately $72.00, excluding the photograph which he was unable to place a monetary value upon.
3. The DC-160 form notes several items, all of which plaintiff acknowledges were returned to his possession.
4. Plaintiff filed a grievance seeking the return of his goods or payment for the missing items in the amount of $150.00. In the response to the grievance, Defendant's personnel note that it is Plaintiff's responsibility to ensure that his door is secured at all times, inferring that his property, if missing, was taken by persons unknown while he was at the dining hall. The response further denies that the officers lost any of Plaintiff's property, and that Plaintiff received everything that was packed by the officers. *Page 3 
5. Plaintiff testified that when he was removed from the dining hall he requested that his cell be locked and "capped" to protect his property while he was in segregation. Plaintiff further testified that he "always" closed his door when he left the cell for any reason.
 ***********
Based upon the foregoing Findings of Fact, the undersigned hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the state: The Industrial Commission shall determine whether or not each individual claim arose as a result of the negligence of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. 2. Under the provisions of the Tort Claim Act, negligence is determined by the same rules applicable to private parties. Balkin v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to show by the greater weight of the evidence that defendant was negligent in the bailment of the property removed from his cell on June 8, 2008. It is equally likely that plaintiff's property was removed by someone other than the officers who packed his belongings, and there is no evidence specifically tying the officers to the missing items. The fact that plaintiff felt it necessary to have a guard call and instruct that his cell be locked is indicative of a possibility that it was not done prior to plaintiff's leaving for the dining *Page 4 
hall. Wilson v. Burch Farms, Inc., 176 N.C.App. 629, 640,627 S.E.2d 249, 258 (2006) ("The burden of establishing that a bailor-bailee relationship in fact exists rests with the bailor.")
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff shall have and recover nothing from Defendant, and his claim against Defendant is dismissed.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 22nd of May, 2009. S/___________________ DIANNE C. SELLERS COMMISSIONER CONCURRING:
S/___________________ STACI T. MEYER COMMISSIONER
S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1