***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Harris and the assignments of error and any briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission REVERSES the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 ***********
On January 15, 2009, defendant filed a motion to dismiss plaintiff's appeal to the Full Commission for failure to timely file his appeal pursuant to N.C.I.C. Rule T301. Based upon the evidence of record, the Full Commission is not able to determine the date in which plaintiff received the September 9, 2008 Decision and Order by Deputy Commissioner Harris. Therefore, defendant's motion to dismiss plaintiff's appeal is DENIED. *Page 2 
 ***********
The following documents were proffered as evidence before the deputy commissioner as:
 EXHIBITS
1. Plaintiff's Exhibit 1: Grievance documents and Form DC-160.
2. Defendant's Exhibit 1: DOC Policy Procedures
 *********** ISSUE
Plaintiff filed an affidavit alleging that, through defendant's negligence, plaintiff was damaged when two book manuscripts of his were destroyed.
 ***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On June 16, 2005, Plaintiff was transferred into the Johnston Correctional Institution from another prison. Upon Plaintiff's arrival at Johnston, his personal belongings were inventoried by then-Correctional Officer (now Sergeant) Langston.
2. Officer Langston found two folders of handwritten material, which were manuscripts that plaintiff had written. One was a love story and the other was a manuscript about a serial murderer. Officer Langston brought in Sergeant Crumpler, who told Plaintiff that plaintiff could not keep the manuscripts.
3. On the Form DC-160, which plaintiff signed, Sergeant Crumpler made the notation that the manuscripts were contraband. Plaintiff's items were marked contraband and designated to be mailed, although according to defendant's policies contraband is to be destroyed *Page 3 
and not mailed home. Once items are submitted to the mailroom, if the item is determined to be contraband or if the inmate does not have sufficient funds in his trust account to pay for postage, the items will not be mailed.
4. Plaintiff's manuscripts were destroyed on June 21, 2005 as contraband in accordance with defendant's policies.
5. Based upon the greater weight of the credible evidence, plaintiff has failed to show that defendant breached a duty by not mailing plaintiff's manuscripts for him and by destroying them.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). "To establish actionable negligence, plaintiff must show that: (1) defendant failed to exercise due care in the performance of some legal duty owed to plaintiff under the circumstances; and (2) the negligent breach of such duty was the proximate cause of the injury."Id. (citing Hairston v. Alexander Tank Equip. Co.,310 N.C. 227, 232, 311 S.E.2d 559, 564 (1984)).
3. In order to prove negligence, plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by the defendant (the named employees thereof in a tort claim), (3) the *Page 4 
breach resulted in injury to plaintiff, and (4) plaintiff's injury was the proximate result of the breach of duty. Pulley v. RexHosp., 326 N.C. 701, 392 S.E.2d 380 (1990), Bolkhir,321 N.C. at 709, 365 S.E.2d at 900.
4. Plaintiff has failed to prove that Sergeant Crumpler or any other employee of defendant breached a duty of care owed to plaintiff. Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, it is therefore:
 ORDERED
1. Plaintiff's claims is hereby DENIED.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 3rd day of September, 2009.
S/___________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1