***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before former Special Deputy Commissioner Hammond, and the assignments of error and/or briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of former Special Deputy Commissioner Hammond filed on June 25, 2010, with modifications.
 *********** *Page 2 
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On February 25, 2010, plaintiff initiated this civil action by filing his Tort Claim Act Affidavit with the North Carolina Industrial Commission.
2. Plaintiff's Affidavit alleges that employees or agents of the North Carolina Department of Corrections (hereinafter "NCDOC") committed acts of negligence by making an untimely deposit into his trust fund account, thereby causing plaintiff anxiety, emotional stress, high blood pressure, headaches, etc.
3. On March 10, 2010, defendant filed a Motion to Dismiss and Motion for Stay of Discovery. Defendant moved to dismiss the action on the grounds that plaintiff's tort claim was frivolous and should be dismissed as such.
4. On June 2, 2010, plaintiff appeared via video conference and spoke with the former Special Deputy Commissioner Hammond on the record. Plaintiff stated that on November 3, 2009, his sister sent him a check for $40.00, which he endorsed to be placed into his trust fund account. Plaintiff indicated that the money was not deposited or reflected on his trust fund account statement until November 19, 2009. Plaintiff's trust fund account statement, which he filed with his Tort Claims Act Affidavit, shows a $40.00 credit on November 19, 2009.
5. Plaintiff offered no evidence which tended to show that the alleged breach of duty was the proximate cause of his alleged injury.
 *********** *Page 3 
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) (2007) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the plaintiff. N.C. Gen. Stat. § 143-291(a) (2007).
3. Plaintiff has failed to sufficiently state a claim for negligence upon which relief may be granted. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 10th day of March, 2011. *Page 4 
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1