***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has shown good grounds to reconsider the evidence. Following its review, the Full Commission reverses the Decision and Order of the Deputy Commissioner and enters the following Decision and Order.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. On May 7, 2008, Plaintiff, an inmate in North Carolina Department of Correction's (hereinafter "NCDOC") custody, had in his possession items of which he was unable to retain possession under the NCDOC inmate personal property policy.
2. Under NCDOC policy, unauthorized personal property is either destroyed or mailed to a designated addressee at the inmate's expense.
3. Plaintiff's items deemed unauthorized personal property were listed on Defendant's Exhibit 1, the personal property inventory form DC-160 dated May 7, 2008. Plaintiff and the inventorying officers, acknowledging the accuracy and completeness of the inventory, signed this form. Plaintiff requested that these items be mailed to a certain address.
4. Defendant's Exhibit 1 shows that the items were to be mailed on May 7, 2008 to the addressee designated by Plaintiff.
5. Plaintiff testified that the items that he requested to be mailed never reached the desired address. Plaintiff further testified that the items that he requested to be mailed never reached the NCDOC mail room.
6. The Full Commission finds that Plaintiff has proven, by a preponderance of the evidence, Plaintiff's possessions were negligently handled by agents or employees of Defendant and that Plaintiff suffered a loss as a result. Accordingly, Plaintiff is entitled to be reimbursed for his loss. The Full Commission finds that an amount of $70.00 is reasonable to reimburse Plaintiff.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW *Page 3 
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009).
2. Pursuant to the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
4. Plaintiff has shown by the greater weight of the evidence that Defendant was negligent in handling the personal property taken from Plaintiff and to be mailed on May 7, 2008. Defendant has failed to offer any evidence in contradiction to Plaintiff's allegations.
5. Plaintiff is entitled to reimbursement for the missing items.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff SHALL have and recover the amount of $70.00 from North Carolina Department of Corrections (hereinafter "NCDOC") in reimbursement for the value of property *Page 4 
lost due to the negligence of Defendant's agents or employees. NCDOC SHALL pay Plaintiff this sum as money damages.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the __ day of March 2011.
 S/___________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1