***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Special Deputy Commissioner Hammond and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Order. Accordingly, the Full Commission affirms the Decision and Order of Special Deputy Commissioner Hammond.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On August 6, 2010, Plaintiff initiated this civil action by filing his Tort Claims Act Affidavit with the North Carolina Industrial Commission. *Page 2 
2. Plaintiff's Affidavit alleges that on or about March 30, 2010, employees or agents of the North Carolina Department of Corrections (hereinafter "NCDOC") committed acts of negligence, specifically that a named NCDOC employee made discriminatory and sexual remarks to Plaintiff that upset Plaintiff.
3. On August 18, 2010, Defendant filed a Motion to Dismiss and Motion for Stay of Discovery.
4. Defendant moved to dismiss the action on the grounds that Plaintiff failed to state a negligence claim against any State agency or department.
5. Pursuant to Defendant's Motion to Dismiss, the above captioned tort claim was set for a pretrial videoconference hearing on Wednesday, October 6, 2010, before Special Dputy Commissioner Hammond.
6. Plaintiff appeared at the facility and spoke with the Special Deputy on the record. Plaintiff indicated that a NCDOC employee spoke to him improperly and that the incident was witnessed by another named NCDOC employee.
7. The Full Commission finds, taking all alleged facts in the light most favorable to Plaintiff, that Plaintiff has failed to assert a claim for negligence.
 ***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the North Carolina Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State. *Page 3 
2. Under the Tort Claims Act, "negligence is determined by the same rules as those applicable to private parties."Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prevail in a claim filed pursuant to this Act, a Plaintiff must allege and prove "that there was negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory negligence" on the part of the Plaintiff. N.C. Gen. Stat. § 143-291(a).
3. A Defendant's motion to dismiss tests the legal sufficiency of a Plaintiff's complaint by presenting the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under the Tort Claims Act. See Isenhour v. Hutto,350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999).
4. "A complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which would be proved in support of the claim." Newton v. Standard Fire Ins. Co.,291 N.C. 105, 111, 229 S.E.2d 297, 300 (1976) (citations and internal quotation marks omitted).
5. Taking all alleged facts in the light most favorable to Plaintiff, as the non-moving party, the Full Commission concludes Plaintiff has failed to sufficiently stated a claim for negligence upon which relief may be granted. As such, Plaintiff is not entitled to recover under the Tort Claims Act, and the above captioned tort claim is subject to dismissal with prejudice.
 ***********
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDER *Page 4 
1. Defendant's Motion to Dismiss is GRANTED and Plaintiff's above captioned tort claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 9th day of June, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1