***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris and the assignments of error and briefs before the Full Commission. The parties have not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission affirms the Decision and Order of Deputy Commissioner Harris, with minor modifications.
 ***********
The following documents were received into evidence before the Deputy Commissioner as: *Page 2 
 EXHIBITS
1. Plaintiff's Exhibit 1: Grievance documents and witness statements
2. Plaintiff's Exhibit 2: Medical records
 *********** ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, he was injured when he fell down a number of stairs.
 ***********
Based upon all of the competent evidence of record and the reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On June 6, 2006, Plaintiff was an inmate at Lanesboro Correctional Institution.
2. Plaintiff is 32 years old, having a date of birth of September 19, 1978.
3. On June 6, 2006, at approximately 1:30 p.m., Plaintiff was sprayed in the face with pepper spray by Correctional Officers C. Crowley and Daniel Wall after he refused to obey several orders to exit the showers so that he could be returned to his cell.
4. After Plaintiff was pepper-sprayed, Officers Crowley and Wall handcuffed Plaintiff's hands behind his back and proceeded to escort him to the shower area to be decontaminated.
5. Plaintiff could not see well at the time due to the effects of the pepper spray.
6. As he descended a flight of approximately 16 metal steps, Plaintiff fell forward from about the fifth step from the top and fell down the remaining steps, coming to rest on the *Page 3 
floor below. Because his hands were handcuffed behind him, Plaintiff could not utilize the hand rails or catch himself when he fell.
7. Neither Officer Crowley nor Officer Wall had his hands on Plaintiff before he fell. Both were walking several steps behind Plaintiff as he descended the stairs.
8. Neither Officer Crowley nor Officer Wall ordered Plaintiff to stop before he began to descend the stairs.
9. Plaintiff received first aid from a nurse at the prison, and was then sent to the emergency room at Anson Memorial Hospital for additional treatment. Plaintiff complained of injuries to his right knee and shin, right elbow and low back and was diagnosed with contusions to his right leg and right elbow and a low back sprain. Plaintiff was prescribed 600 mg ibuprofen for pain, and he testified he continues to be prescribed that medication for his low back pain since the incident.
10. Plaintiff testified that his right leg and right elbow injuries resolved fairly quickly after the incident.
11. Plaintiff further testified that, although he had had low back pain before the June 6, 2006 incident, his symptoms had worsened as a result of the incident and had remained worse ever since. However, there is no medical documentation of record to support that assertion.
12. Defendant contends, through its witness, Captain Ronald Covington, that Plaintiff fell down the stairs intentionally. The Full Commission finds, by the greater weight of the evidence of record, that Plaintiff did not intentionally fall down the stairs.
13. Captain Covington confirmed that, if Plaintiff's sight was impaired and his hands were handcuffed behind his back, then Officers Crowley and Wall should have escorted Plaintiff using a hands-on "soft touch" assist. *Page 4 
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Under the Tort Claims Act, the General Assembly has conferred upon the Industrial Commission jurisdiction over tort claims filed "against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2009).
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State University,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prevail in a tort claim filed pursuant to the Act, a plaintiff bears the burden of proving, as at common law: (1) that an officer, employee, involuntary servant or agent of the party-defendant owed the plaintiff a cognizable duty and (2) breached this duty, (3) proximately causing (4) injury to the plaintiff. Id.
4. Defendant, through its officers, had a duty to Plaintiff to use reasonable care to protect Plaintiff from injury while he was being escorted about the prison with reduced vision resulting from the use of pepper spray and with his hands handcuffed behind his back.Id.
5. Defendant, through the conduct of its officers, breached its duty of reasonable care by failing to use proper technique in escorting Plaintiff. Specifically, Plaintiff should have been escorted using a hands-on "soft touch" assist. Id.
6. As a direct and proximate result of the negligence of Defendant's officers, Plaintiff fell down stairs and sustained injuries. Id. *Page 5 
7. Defendant has not shown that Plaintiff was contributorily negligent in causing his injuries or that he engaged in intentional conduct that superseded the negligence of Defendant's officers.
8. Plaintiff is entitled to receive monetary damages from Defendant for his injury. N.C. Gen. Stat. § 143-291. The sum of $500.00 is a reasonable amount to compensate Plaintiff for his damages.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant SHALL pay to Plaintiff the sum of $500.00 as monetary damages.
2. Defendant shall pay the costs.
This the ___ day of September, 2011.
 S/___________________ LINDA CHEATHAM COMMISSIONER
CONCURRING:
 S/_____________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ TAMMY R. NANCE *Page 6 
COMMISSIONER *Page 1