***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Houser and the assignments of error and briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence. Accordingly, the Full Commission affirms the Decision and Order of the Deputy Commissioner.
 *********** ISSUE TO BE DETERMINED
Whether Defendant, by or through its employees, was negligent in the handling and storage of Plaintiff's personal property while Plaintiff was in segregation. *Page 2 
 *********** EXHIBITS
At the hearing before the Deputy Commissioner, Plaintiff submitted the following:
 a. A Packet of Various Documents including, but not limited to a DC-160 dated December 31, 2007, Administrative Remedy Procedure Forms, Request Forms, which was admitted into the record and marked as Plaintiff's Exhibit (1).
At the hearing before the Deputy Commissioner, Defendant submitted the following:
 a. A DC-160 dated January 5, 2008, which was admitted into the record over Plaintiff's Objection and marked as Defendant's Exhibit (1).
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff, Mr. Adrian Watkins, a prisoner in the custody of Defendant, North Carolina Department of Correction, initiated this civil action on April 21, 2009, by filing a Tort Claim Affidavit alleging that employees of Defendant at Scotland Correctional Institution were negligent in their handling of certain items of Plaintiff's personal property seized and stored by correctional officers when Plaintiff was assigned to segregation on December 31, 2007.
2. On 31 December 2007, Plaintiff was assigned to segregation. At that time, all of Plaintiff's personal property was inventoried on two DC-160s. One DC-160 dated January 5, 2008, was completed for the property Plaintiff was permitted to keep with him while he was in segregation. The other DC-160 dated December 31, 2007, was completed for property that was to be stored and not available for Plaintiff's use while he was in segregation. *Page 3 
3. The items placed into storage and itemized on the DC-160 dated December 31, 2007, were never returned to Plaintiff. Those items consisted of deodorant, soap, moisturizer, one pack of tobacco with papers, nine books, mail, pictures, and one pair of New Balance tennis shoes.
4. Plaintiff's Exhibit (1) contains an estimate of costs and the titles of some of Plaintiff's missing books and the cost of replacing the tennis shoes. Based upon a review of this exhibit, a value of only $185.52 for the items in question can be established.
5. The Full Commission finds that Plaintiff was not contributorily negligent in the circumstances involving the storage of items of Plaintiff's personal property that were never returned to him.
6. The Full Commission finds that Defendant, by and through its employees, owed Plaintiff a duty of reasonable care in the handling and storage of his items of personal property while he was in segregation.
7. The Full Commission finds that Defendant, by and through its employees, breached their duty of reasonable care owed to Plaintiff by failing to return his personal property subsequent to him leaving segregation. As a proximate result of this breach of duty, Plaintiff sustained damages amounting to $185.52.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions, and agencies of the State. Plaintiff must show that the injuries *Page 4 
sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment.Id.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prove negligence, Plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by Defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to Plaintiff, and (4) Plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp., 326 N.C. 701, 392 S.E.2d 380 (1990).
3. The Full Commission concludes that Defendant, by and through its employees, owed Plaintiff a duty of reasonable care in the handling and storage of his items of personal property while he was in segregation.Bolkhir v. N.C. State Univ., 321 N.C. 706, 365 S.E.2d 898 (1988).
4. The Full Commission concludes that Defendant, by and through its employees, breached their duty of reasonable care owed to Plaintiff by failing to return his items of personal property subsequent to him leaving segregation and that as a proximate result of this breach of duty, Plaintiff sustained damages amounting to $185.52. Id.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Defendant shall pay to Plaintiff compensatory damages in the amount of $185.52.
2. Defendant shall pay its own costs. No costs are taxed to Plaintiff, who was permitted to file in forma pauperis. *Page 5 
This the 8th day of November, 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ TAMMY R. NANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1