***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Donovan and the assignments of error and briefs before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order of the Deputy Commissioner.
 ***********
The following documents were proposed as exhibits by Plaintiff during the pre-trial process:
 EXHIBITS
1. Plaintiff's Exhibit #1: Documents including Exhibits A-P as follows: *Page 2 
 A. Accident Report
 B. Witness statement of Plaintiff
 C. Witness Statement of Nurse W. S. Greene dated October 23, 2008
 D. Injury Report
 E. Report of Accident
 F. Witness Statement of Andre Stevens
 G. Witness Statement of Nurse Greene Dated December 20, 2008
 H. Injury Report
 I. Dental Treatment Record (2 Pages)
 J. Dental Treatment Record (2 Pages)
 K. Administrative Remedy Procedure (6 Pages)
 L. Witness Statement of Dawn Hassell
 M. Witness Statement of Rebecca Davis
 N. Affidavit of Reginald Barnes
 O. Affidavit of John E. Oates
 P. I.C. Pre-trial (4 pages)
 *********** ISSUES
On November 21, 2008, Plaintiff filed an Affidavit alleging that he had suffered an injury as the result of the negligence of Defendant by and through its employees while housed at Hyde Correctional Institution in Hyde County, North Carolina. Plaintiff maintains that while eating a serving of pinto beans in the facility he bit down on rocks that were mixed in with the beans and broke two teeth. Defendant filed a Motion to Dismiss with the Answer, contending that plaintiff *Page 3 
failed to exhaust administrative remedies prior to filing his claim. Defendant's Motion to Dismiss was denied by Order of Deputy Commissioner Bradley W. Houser dated June 9, 2009. This order was not appealed from.
 ***********
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On October 23, 2008, Plaintiff was an inmate housed at Hyde Correctional Institution and assigned to work in the kitchen. On this day, Plaintiff was served a meal of cooked pinto beans that had been prepared by the kitchen staff. While eating the beans, Plaintiff bit down on what appeared to be small rocks which were in the beans. As a result, Plaintiff suffered chips to two teeth.
2. On December 4, 2008, Plaintiff filed with the Industrial Commission a claim for damages under the Tort Claims Act, alleging that kitchen supervisors "Mrs. Charity Sup. II" and "Mrs. Hassell, Sup I" were negligent in that they served Plaintiff beans containing small rocks. Plaintiff alleges that he suffered physical pain and injury, psychological damage, personal humiliation, and mental anguish. Plaintiff has requested compensatory damages, damages for future medical bills, and punitive damages.
3. Plaintiff testified that following the incident he reported the injury to Lt. Betty Moore and Sgt. Anke Cahoon. Lt. Moore referred Plaintiff to Medical where he was treated by Nurse W.S. Greene.
4. Sgt. Cahoon testified that she remembered that Plaintiff brought to her a tray and showed her the rocks, which Plaintiff alleged came from his beans and that Plaintiff had *Page 4 
something wrapped in a napkin. Following the incident, Sgt. Cahoon escorted Plaintiff to Medical. Plaintiff testified that while at Medical, he was treated by Nurse Willie Sue Green.
5. Mr. Ricky Lynn Matthews, Assistant Superintendent at Hyde Correctional Institution testified that the supervisors of the food service facility are charged with food preparation, following the correct procedures for hygiene, following the correct procedures for preparation of the menu, and serving 2,100 meals per day.
6. Mr. Benjamin Alonzo Gibbs, Jr., a food service officer for Hyde Correctional
Institution, was the food service office on duty in the kitchen on October 23, 2008, the day of Plaintiff's alleged injury. Mr. Gibbs was responsible for observing the kitchen workers and how they prepare meals and the cleaning of the kitchen. Mr. Gibbs did not remember Plaintiff and could not recall any incidents in which inmates were injured by eating beans containing rocks.
7. Ms. Rebecca Davis, Food Service Manager III for Defendant, read into the record the accepted method of preparing pinto beans for consumption, including the instruction that they be inspected for foreign objects and that those objects be removed and the beans washed. Ms. Davis testified that all cooked are trained in this manner.
8. Inmate Reginald Barnes, testified that he also suffered a tooth injury resulting from rocks in a serving of pinto beans which occurred on September 25, 2008.
9. The greater weight of the evidence shows that employees of Defendant in the Hyde Correctional Institution had a duty to inspect the pinto beans and to remove any foreign objects prior to serving the beans. However, Plaintiff has failed to prove that Defendants breached that duty.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers upon the Industrial Commission jurisdiction to hear negligence claims against the State Board of Education, the Board of Transportation, and all other departments, institutions, and agencies of the State. Plaintiff must show that the injuries sustained were the proximate result of a negligent act of a named state employee acting within the course and scope of his employment. Id.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ.,321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988). In order to prove negligence, Plaintiff must prove (1) existence of a duty to him, (2) a breach of that duty by Defendant (the named employees thereof in a tort claim), (3) the breach resulted in injury to Plaintiff, and (4) Plaintiff's injury was the proximate result of the breach of duty. Pulley v. Rex Hosp.,326 N.C. 701, 392 S.E.2d 380 (1990).
3. Plaintiff has failed to prove that an employee of Defendant breached a duty owed to Plaintiff. Id. As such, Plaintiff has failed to establish negligence on the part of any named officer, employee, involuntary servant, or agent of the state while acting within the scope of his or her office. N.C. Gen. Stat. § 143-291; Pulley v. Rex Hosp.,326 N.C. 701, 392 S.E.2d 380 (1990).
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDERED
1. Plaintiff's claim is hereby DENIED. *Page 6 
2. No costs are taxed as Plaintiff was permitted to file this civil action in forma pauperis.
This the 7th day of November, 2011.
 S/_________________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_______________ TAMMY R. NANCE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER *Page 1